Richard C. Pepperman, II
Matthew A. Schwartz
Maya Krugman
Jonathan J. Ossip
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re* M&T Bank Corporation ERISA Litigation | Case No. 1:16-cv-375-FPG<br>Consolidated Action<br><br>**ANSWER TO CONSOLIDATED AMENDED COMPLAINT** |

Defendants[1] hereby answer Plaintiffs' Consolidated Amended Complaint

("CAC") (Dkt. No. 35) in this action as follows:

---

[1] Defendants remaining in this action after the Court's September 11, 2018 Order (Dkt. No. 68) ("September Order") and after the parties' Stipulation of Dismissal dated September 25, 2018 (Dkt. No. 70) ("Stipulation of Dismissal") are (i) the M&T Bank Employee Benefit Plans Committee ("Committee"), (ii) current and former members of the Committee, namely Janet Coletti, Brian E. Hickey, Darren J. King, Kevin J. Pearson, Michael R. Spychala, Michele D. Trolli, and Stephen J. Braunscheidel (collectively, with the Committee, "Committee Defendants"); and (iii) current and former directors of the M&T Bank board, namely Edward Amoroso, Brent D. Baird, C. Angela Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Gary N. Geisel, Richard A. Grossi, John D. Hawke, Jr., Newton P.S. Merrill, Melinda R. Rich, Robert E. Sadler, Jr., Denis J. Salamone, Herbert L. Washington, Robert J. Bennett, Michael D. Buckley, Colm E. Doherty, and Jorge Pereira (collectively, "Board Defendants").

## PRELIMINARY STATEMENT

Defendants provide this Answer based on a reasonable inquiry and their knowledge to date.  Defendants' investigation into the matters that are the subject of the CAC is ongoing.  Accordingly, Defendants reserve the right to amend, supplement, revise, clarify, or correct the responses set forth herein.

## SPECIFIC RESPONSES

1.      Defendants aver that no response to Paragraph 1 is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 1, except respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations, aver that all claims against M&T, M&T Bank, WTIA, WFMC, and Wilmington Trust were dismissed from this action in the September Order, and aver that Mark J. Czarnecki, Patrick W.E. Hodgson, Richard G. King, and Robert G. Wilmers have died during the pendency of this action and were dismissed from this action in the Stipulation of Dismissal.

2.      Defendants deny the allegations of Paragraph 2, except respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

3.      Defendants deny the allegations of Paragraph 3, except admit that Plaintiffs were participants in the Plan at some point, and respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

4.      Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

5.      Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5, except admit that the Plan has over $1 billion in net assets available for benefits as of the date of this answer.

6.      Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, aver that Paragraph 6 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited cases for a complete, true, and correct statement of their contents.

7.      Defendants deny the allegations of Paragraph 7, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning other financial services companies.

8.      Defendants aver that Paragraph 8 asserts legal conclusions that do not require a response and respectfully refer the Court to the cited statutes and cases for a complete, true, and correct statement of their contents.

9.      Defendants deny the allegations of Paragraph 9, except admit that (i) M&T purchased Wilmington Trust, (ii) the M&T Bank family of mutual funds was combined with the Wilmington family of mutual funds, (iii) these combined funds were marketed as the Wilmington Funds, and (iv) certain Wilmington Funds were investment options that participants could choose to invest in within the Plan.

10.     Defendants deny the allegations of Paragraph 10, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning other retirement plans.

11.     Defendants deny the allegations of Paragraph 11.

12.     Defendants deny the allegations of Paragraph 12.

13.     Defendants deny the allegations of Paragraph 13.

14.     Defendants deny the allegations of Paragraph 14.

15.     Defendants aver that no response to Paragraph 15 is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 15, except respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations, and aver that Count Three and Count Five were dismissed from this action in the September Order.

16.     Defendants aver that Paragraph 16 asserts legal conclusions that do not require a response.

17.     Defendants deny the allegations of Paragraph 17 and aver that Paragraph 17 asserts legal conclusions that do not require a response.

18.     Defendants deny the allegations of Paragraph 18 and aver that Paragraph 18 asserts legal conclusions that do not require a response.

19.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19, except admit that (i) Allen participated in the Plan, (ii) Allen invested in the Wilmington Broad Market Bond Fund, the Wilmington Strategic Allocation Conservative Fund, and the T. Rowe Price Balanced Fund, and (iii) Allen withdrew her account balance from the Plan in 2014.

20.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, except (a) admit that (i) Dixon participated in the Plan, (ii) Dixon invested in seven of the Plan's designated investment alternatives between April 2010 and December 2010, (iii) five of the investment options Dixon invested in were the M&T Prime Money Market Fund, the M&T U.S. Government Bond Fund, the Wilmington Large Cap Value

Fund, the Wilmington Mid Cap Growth Fund, and Investor class shares of the Harbor International Fund, and (iv) Dixon withdrew his account balance from the Plan in 2010, and (b) deny that the Wilmington Large Cap Value Fund and Wilmington Mid Cap Growth Fund could fairly be categorized as "proprietary M&T mutual funds" in 2010.

21.      Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21, except (a) admit that (i) Habib participated in the Plan, (ii) Habib invested in the T. Rowe Price Balanced Fund and M&T Bank stock, and (iii) Habib withdrew his account balance from the Plan in 2011, and (b) deny that Habib invested within the Plan in the Fidelity Stable Value Fund.

22.      Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, except admit that (i) Sliwinski participated in the Plan, (ii) Sliwinski invested in the T. Rowe Price Balanced Fund, the T. Rowe Price Equity Income Fund, the T. Rowe Price Growth Stock Fund, the T. Rowe Price Small Cap Value Fund, and M&T Bank stock, and (iii) Sliwinski withdrew his account balance from the Plan in 2012.

23.      Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, except admit that (i) Smith participated in the Plan, (ii) Smith invested in eight of the Plan's designated investment alternatives between April 2010 and March 2012, (iii) one of the investment options Smith invested in was the Wilmington Mid Cap Growth Fund, and (iv) Smith withdrew her account balance from the Plan in 2013.

24.      Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, except admit that (i) Williams is a current participant in the Plan, (ii) Williams is or has previous invested in more than ten of the Plan's designated investment alternatives at various points between April 2010 and the present, (iii) six of the

investment options Williams is or was invested in are the Wilmington Stable Value Fund, the Wilmington Large Cap Value Fund, the Wilmington Mid Cap Value Fund, the Wilmington Broad Market Bond Fund, the Wilmington Intermediate Term Bond Fund, and Administrative class shares of the PIMCO Total Return Fund, and (iv) the Plan switched to Institutional class shares of the PIMCO Total Return Fund in June 2013.

25.     Defendants deny the allegations of Paragraph 25, except admit that Plaintiffs participated in the Plan, and aver that Paragraph 25 asserts legal conclusions that do not require a response.

26.     Defendants deny the allegations of Paragraph 26, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiffs' knowledge and mental states.

27.     Defendants admit the allegations of Paragraph 27, and aver that all claims against M&T were dismissed from this action in the September Order.

28.     Defendants admit the allegations of Paragraph 28, and aver that all claims against M&T Bank were dismissed from this action in the September Order.

29.     Defendants deny the allegations of Paragraph 29, except (a) admit that (i) WTIA provides certain investment advice and recommendations to the Plan, (ii) WTIA is a wholly owned subsidiary of M&T Bank, (iii) M&T Bank does not pay WTIA fees on behalf of the Plan, and (iv) WTIA is a Maryland corporation headquartered in Baltimore, Maryland, and (b) aver that all claims against WTIA were dismissed from this action in the September Order.

30.     Defendants deny the allegations of Paragraph 30, except (a) admit that (i) WFMC is the Wilmington Funds' manager, (ii) WFMC received fees from the Wilmington Funds, including from investors within the Plan, and (iii) WFMC is a Delaware corporation

headquartered in Wilmington, Delaware, and (b) aver that all claims against WFMC were dismissed from this action in the September Order.

31.     Defendants deny the allegations of Paragraph 31, except admit that the Committee has the authority to appoint investment managers, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

32.     Defendants admit the allegations of Paragraph 32, and aver that all claims against Wilmington Trust were dismissed from this action in the September Order.

33.     Defendants aver that no response to Paragraph 33 is required and that all claims against the entities listed in Paragraph 33 were dismissed from this action in the September Order.  To the extent a response is required, Defendants respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

34.     Defendants deny the allegations of Paragraph 34, and aver that all claims against the Company Defendants were dismissed from this action in the September Order.

35.     Defendants deny the allegations of Paragraph 35, and aver that all claims against the Company Defendants were dismissed from this action in the September Order.

36.     Defendants deny the allegations of Paragraph 36, except admit that M&T and M&T Bank share a board of directors, respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents, and aver that all claims against M&T and M&T Bank were dismissed from this action in the September Order.

37.     Defendants deny the allegations of Paragraph 37, and aver that all claims against M&T Bank were dismissed from this action in the September Order.

38.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents, aver that Paragraph 38 asserts legal conclusions that do not

require a response, and admit that (i) the board of directors of M&T Bank appoints the members of the Committee, and (ii) the Committee is the named administrator of the Plan.

39.     Defendants deny the allegations of Paragraph 39, except admit that Amoroso was a director of M&T Bank from 2016 to 2017.

40.     Defendants deny the allegations of Paragraph 40, and aver that a person named Brent D. Baird has been a director of M&T Bank from 1983 through the present.

41.     Defendants admit the allegations of Paragraph 41.

42.     Defendants admit the allegations of Paragraph 42.

43.     Defendants admit the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44, and aver that (i) Czarnecki died on February 26, 2017, (ii) Czarnecki was a director and President of M&T and M&T Bank from 2007 to 2017, (iii) Czarnecki was Chief Operating Officer of M&T and M&T Bank from 2014 to 2017, and (iv) Czarnecki was dismissed from this action in the Stipulation of Dismissal.

45.     Defendants admit the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46, except admit that Grossi is a director of M&T Bank and has been a director of M&T Bank from 2015 through the present.

47.     Defendants deny the allegations of Paragraph 47, except admit that Hawke is a director of M&T Bank and has been a director of M&T Bank from 2012 through the present.

48.     Defendants deny the allegations of Paragraph 48, except admit that Merrill is a director of M&T Bank and has been a director of M&T Bank from 2015 through the present.

49.     Defendants admit the allegations of Paragraph 49.

50.     Defendants admit the allegations of Paragraph 50.

51.     Defendants deny the allegations of Paragraph 51, except admit that Salamone is a director of M&T Bank and has been a director of M&T Bank from 2015 through the present.

52.     Defendants admit the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53, and aver that (i) Wilmers died on December 16, 2017, (ii) Wilmers was a director, Chairman of the Board, and Chief Executive Officer of M&T from 1983 to 2017, and (iii) was dismissed from this action in the Stipulation of Dismissal.

54.     Defendants admit the allegations of Paragraph 54.

55.     Defendants deny the allegations of Paragraph 55, except admit that Buckley was a director of M&T Bank from 2003 to 2012.

56.     Defendants deny the allegations of Paragraph 56, and aver that a person named Colm E. Doherty was a director of M&T Bank from 2005 to 2010.

57.     Defendants deny the allegations of Paragraph 57, except admit that Hodgson was a director of M&T Bank from 1987 to 2016, and aver that Hodgson (i) died on December 26, 2016, and (ii) was dismissed from this action in the Stipulation of Dismissal.

58.     Defendants deny the allegations of Paragraph 58, except admit that Richard King was a director of M&T Bank from 2000 to 2016, and aver that (i) Richard King died on September 23, 2016, and (ii) was dismissed from this action in the Stipulation of Dismissal.

59.     Defendants admit the allegations of Paragraph 59, and aver that Pereira was a director of M&T Bank from 1982 to 2015.

60.     Defendants aver that no response to Paragraph 60 is required.  To the extent a response is required, Defendants respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations, and aver that Czarnecki, Hodgson,

Richard King, and Wilmers have died during the pendency of this action and were dismissed from this action in the Stipulation of Dismissal.

61.     Defendants deny the allegations of Paragraph 61, except (a) admit that (i) the Committee is the named administrator of the Plan, (ii) the Committee's members are appointed by the board of directors of M&T Bank, and (iii) the Committee has the power to appoint investment managers and to select, monitor, and replace investment options within the Plan, and (b) respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

62.     Defendants aver that Paragraph 62 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

63.     Defendants admit the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64, and aver that (i) Czarnecki died on February 26, 2017, (ii) Czarnecki was a director and President of M&T and M&T Bank from 2007 to 2017, (iii) Czarnecki was Chief Operating Officer of M&T and M&T Bank from 2014 to 2017, and (iv) Czarnecki was dismissed from this action in the Stipulation of Dismissal.

65.     Defendants admit the allegations of Paragraph 65.

66.     Defendants admit the allegations of Paragraph 66.

67.     Defendants admit the allegations of Paragraph 67.

68.     Defendants admit the allegations of Paragraph 68.

69.     Defendants admit the allegations of Paragraph 69.

70.     Defendants admit the allegations of Paragraph 70.

71.     Defendants aver that no response to Paragraph 71 is required.  To the extent a response is required, Defendants respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations, and aver that Czarnecki died during the pendency of this action and was dismissed from this action in the Stipulation of Dismissal.

72.     Defendants aver that Paragraph 72 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statutes for a complete, true, and correct statement of their contents.

73.     Defendants aver that the first sentence of Paragraph 73 asserts a legal conclusion that does not require a response, admit the allegations of the second sentence of Paragraph 73, and respectfully refer the Court to the cited statute for a complete, true, and correct statement of its contents.

74.     Defendants admit the allegations of Paragraph 74, aver that the Plan has been amended since January 1, 2016, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

75.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

76.     Defendants respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

77.     Defendants deny the allegations of Paragraph 77, except admit that (i) M&T Bank is the sponsor of the Plan, (ii) the Committee is the named administrator of the Plan, and (ii) members of the Committee are appointed by the board of directors of M&T Bank.

78.     Defendants respectfully refer the Court to the cited statute and document for a complete, true, and correct statement of their contents.

79.     Defendants respectfully refer the Court to the quoted document for a complete, true, and correct statement of its contents.

80.     Defendants deny that class certification is appropriate in this case, respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations, and object to Plaintiffs' purported class definition and reserve all rights to object to any potential future class definition or proposed classes or subclasses.

81.     Defendants deny the allegations of Paragraph 81, except admit that there were more than one thousand persons who were participants in or beneficiaries of the Plan at some point during the Class Period.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning (i) Plaintiffs' future behavior, (ii) the experience and competence of Plaintiffs' counsel, (iii) the interests of Plaintiffs and absent putative class members, and (iv) Plaintiffs' mental states.

85.     Defendants deny the allegations of Paragraph 85.

86.     Defendants deny the allegations of Paragraph 86.

87.     Defendants deny the allegations of Paragraph 87.

88.     Defendants deny the allegations of Paragraph 88.

89.     Defendants aver that Paragraph 89 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute for a complete, true, and correct statement of its contents.

90.     Defendants aver that Paragraph 90 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statutes for a complete, true, and correct statement of their contents.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92, except admit that members of the Committee were also officers or employees of M&T or M&T Bank.

93.     Defendants deny the allegations of Paragraph 93, and aver that all claims against M&T and M&T Bank were dismissed from this action in the September Order.

94.     Defendants aver that Paragraph 94 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute and case for a complete, true, and correct statement of their contents.

95.     Defendants aver that Paragraph 95 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited cases and document for a complete, true, and correct statement of their contents.

96.     Defendants aver that Paragraph 96 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited cases for a complete, true, and correct statement of their contents.

97.     Defendants aver that Paragraph 97 asserts legal conclusions that do not require a response.

98.     Defendants aver that Paragraph 98 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute for a complete, true, and correct statement of its contents.

99.     Defendants deny the allegations of Paragraph 99.

100.    Defendants deny the allegations of Paragraph 100, except (a) admit that (i) a predecessor entity to M&T Bank was originally founded in 1856 under the name Manufacturers and Traders Bank, and (ii) as of December 31, 2014, M&T Bank represented 99% of the consolidated assets of M&T, and (b) respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

101.    Defendants admit the allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102, except admit that several of the investment options in the Plan were mutual funds.

103.    Defendants deny the allegations of Paragraph 103, except admit that certain investment options within the Plan charged certain fees, and deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the behavior and characteristics of all passively managed funds.

104.    Defendants deny that the allegations of Paragraph 104 present a fair and accurate characterization of the differences between actively and passively managed funds, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

105.    Defendants deny that the allegations of Paragraph 105 present a fair and accurate characterization of the costs and benefits associated with investment through an SDBA, respectfully refer the Court to the cited statute for a complete, true, and correct statement of its contents, and aver that Paragraph 105 asserts legal conclusions that do not require a response.

106.    Defendants aver that Paragraph 106 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute and document for a complete, true, and correct statement of their contents.

107.     Defendants aver that Paragraph 107 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited cases and document for a complete, true, and correct statement of their contents.

108.     Defendants deny the allegations of Paragraph 108, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the behavior and characteristics of all 401(k) plans and the beliefs of 401(k) plan participants, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

109.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 109, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

110.     Defendants aver that Paragraph 110 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

111.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 111, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

112.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

113.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

114.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

115.     Defendants aver that Paragraph 115 asserts legal conclusions that do not require a response.

116.     Defendants deny that the allegations of Paragraph 116 present a fair and accurate characterization of the costs and benefits of various mutual fund options, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

117.     Defendants deny that the allegations of Paragraph 117 present a fair and accurate characterization of the costs and benefits of various mutual fund options, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

118.     Defendants deny that the allegations of Paragraph 118 present a fair and accurate characterization of the costs and benefits of various mutual fund options, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

119.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 119, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

120.     Defendants deny that the allegations of Paragraph 120 present a fair and accurate characterization of the costs and benefits of various investment alternatives, and aver that Paragraph 120 asserts legal conclusions that do not require a response.

121.     Defendants deny the allegations of Paragraph 121 with respect to their own behavior, deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the behavior of non-party retirement plan fiduciaries, and aver that Paragraph 121 asserts legal conclusions that do not require a response.

122.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 122, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

123.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 123, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

124.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 124, and aver that Paragraph 124 asserts legal conclusions that do not require a response.

125.    Defendants deny the allegations of Paragraph 125, except admit that as of December 31, 2010, the Plan (i) had approximately $1.15 billion in net assets available for benefits, and (ii) offered participants twenty-three investment options, eight of which were part of the MTB Group of Funds.

126.    Defendants deny the allegations of Paragraph 126, except admit that (i) M&T purchased Wilmington Trust Corporation in 2011, and (ii) Wilmington Trust Corporation's defined-contribution plan was merged into the Plan in September 2011.

127.    Defendants deny the allegations of Paragraph 127, except admit that (i) as of June 30, 2010, the Wilmington Trust Thrift Savings Plan included twenty-two investment options, including Wilmington Trust stock, the Wilmington Stable Value Fund, seven other Wilmington Funds, three non-Wilmington separate accounts, and ten non-Wilmington mutual funds, including one or more funds from Vanguard, Fidelity, and American Funds, and (ii) as of December 31, 2010, the Wilmington Trust Thrift Savings Plan reported over $200 million in net assets available for benefits.

128.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 128, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

129.    Defendants deny the allegations of Paragraph 129, except admit that Committee members were (i) officers of M&T Bank, and (ii) M&T shareholders during the Class Period.

130.    Defendants aver that Paragraph 130 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

131.    Defendants deny the allegations of Paragraph 131.

132.    Defendants aver that Paragraph 132 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited case for a complete, true, and correct statement of its contents.

133.    Defendants aver that Paragraph 133 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited case and document for a complete, true, and correct statement of their contents.

134.    Defendants aver that Paragraph 134 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited case and document for a complete, true, and correct statement of their contents.

135.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 135, and aver that Paragraph 135 asserts legal conclusions that do not require a response.

136.     Defendants deny the allegations of Paragraph 136, except admit that the Plan includes certain Wilmington actively-managed funds as investment options participants can select.

137.     Defendants deny the allegations of Paragraph 137, except (a) admit that (i) class I shares of the Wilmington Mid Cap Growth Fund reported total annual fund operating expenses (after fee waivers/expense reimbursements) of 1.08% as of August 31, 2014, (ii) class I shares of the Wilmington Short Duration Government Bond Fund reported total annual fund operating expenses (after fee waivers/expense reimbursements) of 0.64% as of August 31, 2014, (iii) the Wilmington Small-Cap Strategy Fund is designed to track an weighted index reflecting the investment advisor's growth and value allocations, and (iv) class I shares of the Wilmington Small-Cap Strategy Fund reported total annual fund operating expenses (after fee waivers/expense reimbursements) of 0.31% as of August 31, 2012, and (b) respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

138.     Defendants deny the allegations of Paragraph 138, except respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

139.     Defendants deny the allegations of Paragraph 139, except respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

140.     Defendants deny the allegations of Paragraph 140, except respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

141.     Defendants deny the allegations of Paragraph 141, except respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

142.     Defendants deny the allegations of Paragraph 142, except respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

143.    Defendants deny the allegations of Paragraph 143, except respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

144.    Defendants deny the allegations of Paragraph 144, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning other retirement plans.

145.    Defendants deny the allegations of Paragraph 145.

146.    Defendants deny the allegations of Paragraph 146.

147.    Defendants deny the allegations of Paragraph 147.

148.    Defendants deny the allegations of Paragraph 148, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning an unspecified ranking of mutual funds.

149.    Defendants deny the allegations of Paragraph 149, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning an unspecified ranking of mutual funds.

150.    Defendants deny the allegations of Paragraph 150.

151.    Defendants deny the allegations of Paragraph 151, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning other retirement plans.

152.    Defendants deny the allegations of Paragraph 152.

153.    Defendants deny the allegations of Paragraph 153, except admit that the Plan reported the performance of its investment options to participants in August 2013 as of other prior dates, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

154.     Defendants deny the allegations of Paragraph 154.

155.     Defendants deny the allegations of Paragraph 155, except admit that the Plan reported the performance of its investment options to participants in August 2013 as of other prior dates.

156.     Defendants deny the allegations of Paragraph 156.

157.     Defendants deny the allegations of Paragraph 157, except admit that the Plan reported the performance of its investment options to participants in August 2013 as of other prior dates.

158.     Defendants deny the allegations of Paragraph 158.

159.     Defendants deny the allegations of Paragraph 159.

160.     Defendants deny the allegations of Paragraph 160, except respectfully refer the Court to the cited cases for a complete, true, and correct statement of their contents.

161.     Defendants deny the allegations of Paragraph 161.

162.     Defendants deny the allegations of Paragraph 162.

163.     Defendants deny that the allegations of Paragraph 163 present a fair and accurate characterization of the similarities and differences between various mutual fund share classes.

164.     Defendants deny that the allegations of Paragraph 164 present a fair and accurate characterization of the behavior of mutual funds and institutional investors, and aver that Paragraph 164 asserts legal conclusions that do not require a response.

165.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 165.

166.     Defendants deny the allegations of Paragraph 166.

167.    Defendants deny the allegations of Paragraph 167, except admit that the Plan included Investor class shares of the Harbor International Fund as an investment option that participants could select.

168.    Defendants deny the allegations of Paragraph 168, except admit that the Plan included Admin class shares of the PIMCO Total Return Fund as an investment option that participants could select.

169.    Defendants deny the allegations of Paragraph 169.

170.    Defendants deny the allegations of Paragraph 170, except admit that, in 2015, T. Rowe Price began offering Institutional class shares for the mutual funds included in the Plan as investment options that participants could select.

171.    Defendants deny the allegations of Paragraph 171.

172.    Defendants deny the allegations of Paragraph 172.

173.    Defendants deny the allegations of Paragraph 173.

174.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 174, and respectfully refer the Court to the cited document and case for a complete, true, and correct statement of their contents.

175.    Defendants deny the allegations of Paragraph 175, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the statements of third parties, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

176.    Defendants deny the allegations of Paragraph 176.

177.    Defendants deny that the allegations of Paragraph 177 present a fair and accurate characterization of the relative costs and benefits of collective trusts, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

178.    Defendants deny the allegations of Paragraph 178, except deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 178 concerning the behavior of other investors or retirement funds, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

179.    Defendants deny the allegations of Paragraph 179, and aver that Paragraph 179 asserts legal conclusions that do not require a response.

180.    Defendants deny that the allegations of Paragraph 180 present a fair and accurate characterization of the relative costs, benefits, and characteristics of separate accounts.

181.    Defendants deny that the allegations of Paragraph 181 present a fair and accurate characterization of the relative costs, benefits, and characteristics of separate accounts, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

182.    Defendants deny the allegations of Paragraph 182, except admit that Wilmington Trust, N.A. is the trustee of the Wilmington Trust Collective Investment Trust.

183.    Defendants deny that the allegations of Paragraph 183 present a fair and accurate characterization of the relative costs, benefits, and characteristics of collective trusts and their relationship with and comparison to various mutual funds, except admit that at various points during the Class Period, the Plan included various mutual funds as investment options that Plan participants could select, including the Diamond Hill Large Cap Fund, the Wilmington Multi-Manager International Fund, the Wilmington Short Term Bond Fund, the Wilmington Mid Cap

Growth Fund, the Wilmington Broad Market Bond Fund, and the Wilmington Small Cap Strategy Fund.

184.    Defendants deny the allegations of Paragraph 184.

185.    Defendants deny the allegations of Paragraph 185.

186.    Defendants deny the allegations of Paragraph 186.

187.    Defendants deny the allegations of Paragraph 187, except deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 187 concerning the behavior of other investors or retirement funds, and respectfully refer the Court to the cited case for a complete, true, and correct statement of its contents.

188     Defendants deny the allegations of Paragraph 188, except admit that Sterling Capital Mid Value Institutional shares are included as an investment option within the Plan that participants can select, deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 188 concerning the hypothetical behavior of third parties, and respectfully refer the Court to the cited case for a complete, true, and correct statement of its contents.

189.    Defendants deny the allegations of Paragraph 189, except admit that the T. Rowe Price Equity Income Fund, T. Rowe Price Growth Stock Fund, and T. Rowe Price Small-Cap Value Fund are included within the Plan as investment options that participants can select, and respectfully refer the Court to the cited case for a complete, true, and correct statement of its contents.

190.    Defendants deny the allegations of Paragraph 190, except deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 190 concerning the behavior of third parties.

191.     Defendants deny the allegations of Paragraph 191.

192.     Defendants deny the allegations of Paragraph 192.

193.     Defendants deny the allegations of Paragraph 193.

194.     Defendants deny the allegations of Paragraph 194.

195.     Defendants aver that no response to Paragraph 195 is required.   Insofar as a response is required, Defendants incorporate their responses to all prior paragraphs.

196.     Defendants deny the allegations of Paragraph 196.

197.     Defendants deny the allegations of Paragraph 197.

198.     Defendants deny the allegations of Paragraph 198.

199.     Defendants deny the allegations of Paragraph 199.

200.     Defendants deny the allegations of Paragraph 200.

201.     Defendants deny the allegations of Paragraph 201.

202.     Defendants aver that no response to Paragraph 202 is required.   Insofar as a response is required, Defendants incorporate their responses to all prior paragraphs.

203.     Defendants deny the allegations of Paragraph 203, except admit that the board of directors of M&T Bank had the authority to appoint and remove members of the Committee.

204.     Defendants deny the allegations of Paragraph 204.

205.     Defendants deny the allegations of Paragraph 205.

206.     Defendants deny the allegations of Paragraph 206.

207.     Defendants deny the allegations of Paragraph 207.

208.     Defendants deny the allegations of Paragraph 208.

209.     Defendants aver that no response to Paragraph 209 is required.   Insofar as a response is required, Defendants incorporate their responses to all prior paragraphs.

210.   Defendants deny the allegations of Paragraph 210.

211.   Defendants aver that Paragraph 211 asserts legal conclusions that do not require a response.

212.   Defendants aver that Paragraph 212 asserts legal conclusions that do not require a response.

213.   Defendants deny the allegations of Paragraph 213.

214.   Defendants deny the allegations of Paragraph 214.

263.   Defendants deny the allegations of Paragraph 263.

264.   Defendants deny the allegations of Paragraph 264.

265.   Defendants deny the allegations of Paragraph 265.

266.   Defendants aver that no response to Paragraph 266 is required.   Insofar as a response is required, Defendants incorporate their responses to all prior paragraphs.

267.   Defendants aver that Paragraph 267 asserts legal conclusions that do not require a response.

268.   Defendants deny the allegations of Paragraph 268.

269.   Defendants deny the allegations of Paragraph 269.

270.   Defendants deny the allegations of Paragraph 270.

271.   Defendants deny the allegations of Paragraph 271.

272.   Defendants deny the allegations of Paragraph 272, and aver that (i) Paragraph 272 asserts legal conclusions that do not require a response, and (ii) Plaintiffs' equitable disgorgement claims were dismissed in the September Order.

273.   Defendants deny the allegations of Paragraph 273, and aver that Plaintiffs' equitable disgorgement claims were dismissed in the September Order.

274.    Defendants deny the allegations of Paragraph 274, and aver that Plaintiffs' equitable disgorgement claims were dismissed in the September Order.

275.    Defendants deny the allegations of Paragraph 275, and aver that Plaintiffs' equitable disgorgement claims were dismissed in the September Order.

276.    Defendants deny the allegations of Paragraph 276, and aver that Plaintiffs' equitable disgorgement claims were dismissed in the September Order.

277.    Defendants deny the allegations of Paragraph 277, and aver that Plaintiffs' equitable disgorgement claims were dismissed in the September Order.

278.    Defendants deny the allegations of Paragraph 278, and aver that Plaintiffs' equitable disgorgement claims were dismissed in the September Order.

279.    Defendants aver that Plaintiffs are not entitled to a jury trial in this action.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear under applicable law, without reducing or removing Plaintiffs' burden of proof on their affirmative claims against Defendants, reserving their right to assert additional defenses and/or affirmative defenses, and solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Defendants assert the following defenses or affirmative defenses.

### FIRST DEFENSE
(Failure to State a Claim)

Plaintiffs fail to allege facts sufficient to state any claim upon which relief may be granted.

### SECOND DEFENSE
(Standing)

Plaintiffs lack constitutional and statutory standing to bring the claims alleged.

**THIRD DEFENSE**
(Not Appropriate Relief)

Plaintiffs' claimed relief is not permitted by law.

**FOURTH DEFENSE**
(Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

**FIFTH DEFENSE**
(Prohibited Transaction Exemptions)

Plaintiffs' prohibited transaction claims are barred in whole or in part by statutory, regulatory, or administrative exemptions.

**SIXTH DEFENSE**
(Due Care)

Plaintiffs' claims are barred in whole or in part because Defendants acted at all times and in all respects in good faith and with due care, and did not engage in any conduct that would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

**SEVENTH DEFENSE**
(Prudent Action)

Plaintiffs' claims are barred in whole or in part because Defendants' actions were both procedurally and substantively prudent.

**EIGHTH DEFENSE**
(Independent Control)

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs exercised independent control over their Plan accounts.

**NINTH DEFENSE**
(No Losses)

Plaintiffs have not suffered any legally cognizable losses or damages from their claims.

**TENTH DEFENSE**
(No Causation)

Any injury sustained by Plaintiffs was not directly or proximately caused by the actions of Defendants.

**ELEVENTH DEFENSE**
(Failure to Mitigate)

To the extent Plaintiffs have stated a claim on which relief can be granted, Plaintiffs have proximately caused, contributed to, or failed to mitigate any and all losses claimed by them.

**TWELFTH DEFENSE**
(Laches, Wavier, and Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

**THIRTEENTH DEFENSE**
(Conduct of Other Entities)

Any damage, loss, or liability must be reduced, diminished, and/or eliminated in proportion to the acts, omissions, and conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility, comparative fault, or other applicable law.

**FOURTEENTH DEFENSE**
(Reasonable Fees)

Plaintiffs' claims are barred, in whole or in part, because the challenged fees and expenses are not excessive or unreasonable.

**FIFTEENTH DEFENSE**
(Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred in whole or in part by their failure to exhaust administrative remedies.

**SIXTEENTH DEFENSE**
(Release)

Plaintiffs' claims are barred to the extent that Plaintiffs released or covenanted to not sue Defendants regarding Plaintiffs' claims.

**SEVENTEENTH DEFENSE**
(Failure to Meet Class Action Requirements)

This action may not be maintained as a class action because Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

**RESERVATION OF RIGHTS**

Defendants expressly and specifically reserve the right to raise any additional defenses and claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly.  Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to any relief and respectfully request a judgment against Plaintiffs as follows:

A.      Plaintiffs take nothing by their CAC in this action;

B.      The Court enter judgment against Plaintiffs and in favor of Defendants, and that the CAC in this action be dismissed with prejudice;

C. The Court award Defendants their attorneys' fees and costs resulting from this action; and

D. The Court award Defendants any and all other relief to which they may be entitled, or which the Court deems just and proper.

Dated:  September 25, 2018        **SULLIVAN & CROMWELL LLP**

<u>/s/ Richard C. Pepperman, II</u>
Richard C. Pepperman, II
  (peppermanr@sullcrom.com)
Matthew A. Schwartz
  (schwartzmatthew@sullcrom.com)
Maya Krugman
  (krugmanm@sullcrom.com)
Jonathan J. Ossip
  (ossipj@sullcrom.com)
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Maya Krugman, hereby certify that on September 25, 2018, a copy of the foregoing was filed with the Clerk of the District Court using its CM/ECF system, which will send copies electronically to all counsel who have appeared in this action and registered with such system.

Dated: New York, New York
September 25, 2018

<u>/s/ Maya Krugman</u>
Maya Krugman