Richard C. Pepperman, II
Matthew A. Schwartz
Maya Krugman
Tyler M. Dato
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re M&T Bank Corporation ERISA Litigation* | Case No. 1:16-cv-375-FPG-JJM<br>Consolidated Action<br><br>**ANSWER TO THIRD AMENDED COMPLAINT** |

Defendants hereby answer Plaintiffs' Third Amended Complaint ("TAC") (Dkt. No. 135) in this action as follows:

### PRELIMINARY STATEMENT

Defendants provide this Answer based on a reasonable inquiry and their knowledge to date.  Defendants' investigation into the matters that are the subject of the TAC is ongoing.  Accordingly, Defendants reserve the right to amend, supplement, revise, clarify, or correct the responses set forth herein.

## SPECIFIC RESPONSES

1.     Defendants aver that no response to Paragraph 1 is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 1, except respectfully refer the Court to the CAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

2.     Defendants deny the allegations of Paragraph 2, except respectfully refer the Court to the TAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

3.     Defendants deny the allegations of Paragraph 3, except admit that Plaintiffs were participants in the Plan at some point, and respectfully refer the Court to the TAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

4.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

5.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5, except admit that the Plan has over $1 billion in net assets available for benefits as of the date of this answer.

6.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, aver that Paragraph 6 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited cases for a complete, true, and correct statement of their contents.

7.     Defendants deny the allegations of Paragraph 7, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning other financial services companies.

8.     Defendants aver that Paragraph 8 asserts legal conclusions that do not require a response and respectfully refer the Court to the cited statutes and cases for a complete, true, and correct statement of their contents.

9.     Defendants deny the allegations of Paragraph 9, except admit that (i) M&T purchased Wilmington Trust, (ii) the M&T Bank family of mutual funds was combined with the Wilmington family of mutual funds, (iii) these combined funds were marketed as the Wilmington Funds, and (iv) certain Wilmington Funds were investment options that participants could choose to invest in within the Plan.

10.     Defendants deny the allegations of Paragraph 10, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning other retirement plans.

11.     Defendants deny the allegations of Paragraph 11.

12.     Defendants deny the allegations of Paragraph 12.

13.     Defendants deny the allegations of Paragraph 13.

14.     Defendants deny the allegations of Paragraph 14.

15.     Defendants deny the allegations of Paragraph 15.

16.     Defendants aver that no response to Paragraph 16 is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 16, except respectfully refer the Court to the TAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

17.     Defendants aver that Paragraph 17 asserts legal conclusions that do not require a response.

18. Defendants deny the allegations of Paragraph 18, and aver that Paragraph 18 asserts legal conclusions that do not require a response.

19. Defendants deny the allegations of Paragraph 19, and aver that Paragraph 19 asserts legal conclusions that do not require a response.

20. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, except admit that (i) Allen participated in the Plan, (ii) Allen invested in the Wilmington Broad Market Bond Fund, the Wilmington Strategic Allocation Conservative Fund, and the T. Rowe Price Balanced Fund, and (iii) Allen withdrew her account balance from the Plan in 2014.

21. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21, except (a) admit that (i) Dixon participated in the Plan, (ii) Dixon invested in seven of the Plan's designated investment alternatives between April 2010 and December 2010, (iii) five of the investment options Dixon invested in were the M&T Prime Money Market Fund, the M&T U.S. Government Bond Fund, the Wilmington Large Cap Value Fund, the Wilmington Mid Cap Growth Fund, and Investor class shares of the Harbor International Fund, and (iv) Dixon withdrew his account balance from the Plan in 2010, and (b) deny that the Wilmington Large Cap Value Fund and Wilmington Mid Cap Growth Fund could fairly be categorized as "proprietary M&T mutual funds" in 2010.

22. Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, except (a) admit that (i) Habib participated in the Plan, (ii) Habib invested in the T. Rowe Price Balanced Fund and M&T Bank stock, and (iii) Habib withdrew his account balance from the Plan in 2011, and (b) deny that Habib invested within the Plan in the Fidelity Stable Value Fund.

23.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, except admit that (i) Sliwinski participated in the Plan, (ii) Sliwinski invested in the T. Rowe Price Balanced Fund, the T. Rowe Price Equity Income Fund, the T. Rowe Price Growth Stock Fund, the T. Rowe Price Small Cap Value Fund, and M&T Bank stock, and (iii) Sliwinski withdrew his account balance from the Plan in 2012.

24.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, except admit that (i) Smith participated in the Plan, (ii) Smith invested in eight of the Plan's designated investment alternatives between April 2010 and March 2012, (iii) one of the investment options Smith invested in was the Wilmington Mid Cap Growth Fund, and (iv) Smith withdrew her account balance from the Plan in 2013.

25.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25, except admit that (i) Williams is a current participant in the Plan, (ii) Williams is or has previous invested in more than ten of the Plan's designated investment alternatives at various points between April 2010 and the present, (iii) six of the investment options Williams is or was invested in are the Wilmington Stable Value Fund, the Wilmington Large Cap Value Fund, the Wilmington Mid Cap Value Fund, the Wilmington Broad Market Bond Fund, the Wilmington Intermediate Term Bond Fund, and Administrative class shares of the PIMCO Total Return Fund, and (iv) the Plan switched to Institutional class shares of the PIMCO Total Return Fund in June 2013.

26.     Defendants deny the allegations of Paragraph 26, except admit that Plaintiffs participated in the Plan, and aver that Paragraph 26 asserts legal conclusions that do not require a response.

27.     Defendants deny the allegations of Paragraph 27, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiffs' knowledge and mental states.

28.     Defendants admit the allegations of Paragraph 28.

29.     Defendants admit the allegations of Paragraph 29.

30.     Defendants deny the allegations of Paragraph 30, except admit that (i) WTIA provides certain investment advice and recommendations to the Plan, (ii) WTIA is a wholly owned subsidiary of M&T Bank, (iii) WTIA is a Maryland corporation headquartered in Baltimore, Maryland, and MTB Investment Advisors ("MTBIA") was renamed WTIA after M&T purchased Wilmington Trust Corporation in 2011.

31.     Defendants deny the allegations of Paragraph 31, except admit that (i) WFMC is the Wilmington Funds' manager, (ii) WFMC received fees from the Wilmington Funds, including from investors within the Plan, and (iii) WFMC is a Delaware corporation headquartered in Wilmington, Delaware.

32.     Defendants aver that no response to Paragraph 32 is required.  To the extent a response is required, Defendants respectfully refer the Court to the TAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

33.     Defendants deny the allegations of Paragraph 33.

34.     Defendants respectfully refer the Court to the cited document and cited statutes for a complete, true, and correct statement of their contents, aver that Paragraph 34 asserts legal conclusions that do not require a response, and admit that (i) M&T and M&T Bank share a board of directors; (ii) the board of directors of M&T Bank appoints the members of the Committee, and (iii) the Committee is the named administrator of the Plan.

35.     Defendants deny the allegations of Paragraph 35, except admit that Amoroso was a director of M&T Bank from 2016 to 2017.

36.     Defendants deny the allegations of Paragraph 36, and aver that a person named Brent D. Baird has been a director of M&T Bank from 1983 through the present.

37.     Defendants admit the allegations of Paragraph 37.

38.     Defendants admit the allegations of Paragraph 38.

39.     Defendants admit the allegations of Paragraph 39.

40.     Defendants admit the allegations of Paragraph 40.

41.     Defendants deny the allegations of Paragraph 41, except admit that Grossi is a director of M&T Bank and has been a director of M&T Bank from 2015 through the present.

42.     Defendants deny the allegations of Paragraph 42, except admit that Hawke is a director of M&T Bank and has been a director of M&T Bank from 2012 through the present.

43.     Defendants deny the allegations of Paragraph 43, except admit that Merrill is a director of M&T Bank and has been a director of M&T Bank from 2015 through the present.

44.     Defendants admit the allegations of Paragraph 44.

45.     Defendants admit the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46, except admit that Salamone is a director of M&T Bank and has been a director of M&T Bank from 2015 through the present.

47.     Defendants admit the allegations of Paragraph 47.

48.     Defendants admit the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49, except admit that Buckley was a director of M&T Bank from 2003 to 2012.

50.     Defendants deny the allegations of Paragraph 50, and aver that a person named Colm E. Doherty was a director of M&T Bank from 2005 to 2010.

51.     Defendants admit the allegations of Paragraph 51, and aver that Pereira was a director of M&T Bank from 1982 to 2015.

52.     Defendants aver that no response to Paragraph 52 is required.  To the extent a response is required, Defendants respectfully refer the Court to the TAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

53.     Defendants deny the allegations of Paragraph 53, except (a) admit that (i) the Committee is the named administrator of the Plan, (ii) the Committee's members are appointed by the board of directors of M&T Bank, and (iii) the Committee has the power to appoint investment managers and to select, monitor, and replace investment options within the Plan, and (b) respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

54.     Defendants aver that Paragraph 54 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited document and cited statute for a complete, true, and correct statement of their contents.

55.     Defendants admit the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56, except admit that Hickey is an Executive Vice President of M&T and M&T Bank, and served as a member of the Committee from the start of the Class Period to 2019.

57.     Defendants admit the allegations of Paragraph 57.

58.     Defendants deny the allegations of Paragraph 58, except admit that Pearson is an Executive Vice President of M&T and Vice Chairman of M&T Bank, and served as a member of the Committee from 2014 to 2018.

59.     Defendants admit the allegations of Paragraph 59.

60.     Defendants admit the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61, except admit that Braunscheidel is a former Executive Vice President and head of Human Resources at M&T and M&T Bank, and served as a member of the Committee from the start of the Class Period to 2016.

62.     Defendants aver that no response to Paragraph 62 is required.  To the extent a response is required, Defendants respectfully refer the Court to the TAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations.

63.     Defendants aver that Paragraph 63 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statutes for a complete, true, and correct statement of their contents.

64.     Defendants aver that the first sentence of Paragraph 64 asserts a legal conclusion that does not require a response, admit the allegations of the second sentence of Paragraph 64, and respectfully refer the Court to the cited statute for a complete, true, and correct statement of its contents.

65.     Defendants admit the allegations of Paragraph 65, aver that the Plan has been amended since January 1, 2016, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

66.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

67.     Defendants respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

68.     Defendants deny the allegations of Paragraph 68, except admit that (i) M&T Bank is the sponsor of the Plan, (ii) the Committee is the named administrator of the Plan, and (iii) members of the Committee are appointed by the board of directors of M&T Bank.

69.     Defendants respectfully refer the Court to the cited statute and document for a complete, true, and correct statement of their contents.

70.     Defendants respectfully refer the Court to the quoted document and cited statute for a complete, true, and correct statement of their contents.

71.     Defendants deny that class certification is appropriate in this case, respectfully refer the Court to the TAC for a complete, true, and correct statement of its contents and Plaintiffs' allegations, and object to Plaintiffs' purported class definition and reserve all rights to object to any potential future class definition or proposed classes or subclasses.

72.     Defendants deny the allegations of Paragraph 72, except admit that there were more than one thousand persons who were participants in or beneficiaries of the Plan at some point during the Class Period.

73.     Defendants deny the allegations of Paragraph 73.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79, except admit that the Committee members are Plan fiduciaries.

80.     Defendants aver that Paragraph 80 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute for a complete, true, and correct statement of its contents.

81.     Defendants aver that Paragraph 81 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statutes for a complete, true, and correct statement of their contents.

82.     Defendants deny the allegations of Paragraph 82, except admit that the Committee members are Plan fiduciaries.

83.     Defendants deny the allegations of Paragraph 83, except admit that members of the Committee were also officers or employees of M&T or M&T Bank.

84.     Defendants aver that Paragraph 84 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute and case for a complete, true, and correct statement of their contents.

85.     Defendants aver that Paragraph 85 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited cases and document for a complete, true, and correct statement of their contents.

86.     Defendants aver that Paragraph 86 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited cases for a complete, true, and correct statement of their contents.

87.     Defendants aver that Paragraph 87 asserts legal conclusions that do not require a response.

88.     Defendants aver that Paragraph 88 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute for a complete, true, and correct statement of its contents.

89.     Defendants deny the allegations of Paragraph 89, aver that Paragraph 89 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statutes for a complete, true, and correct statement of their contents.

90.     Defendants deny the allegations of Paragraph 90, aver that Paragraph 90 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute for a complete, true, and correct statement of its contents.

91.     Defendants deny the allegations of Paragraph 91, except (a) admit that (i) a predecessor entity to M&T Bank was originally founded in 1856 under the name Manufacturers and Traders Bank, and (ii) as of December 31, 2014, M&T Bank represented 99% of the consolidated assets of M&T, and (b) respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

92.     Defendants deny the allegations of Paragraph 92, except Defendants admit that Defendants established and maintained the Plan for the benefit of the employees of M&T and all its subsidiaries, and that the Plan included a number of investment options.

93.     Defendants deny the allegations of Paragraph 93, except admit that several of the investment options in the Plan were mutual funds.

94.     Defendants deny the allegations of Paragraph 94, except admit that certain investment options within the Plan charged certain fees, and deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the behavior and characteristics of all passively managed funds.

95.     Defendants deny that the allegations of Paragraph 95 present a fair and accurate characterization of the differences between actively and passively managed funds, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

96.     Defendants deny the allegations of Paragraph 96; aver that (i) the Plan has never offered an SDBA, and (ii) Paragraph 96 asserts legal conclusions that do not require a response; and respectfully refer the court to the cited statute for a complete, true, and correct statement of its contents.

97.     Defendants aver that Paragraph 97 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited statute and document for a complete, true, and correct statement of their contents.

98.     Defendants aver that Paragraph 98 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited cases and document for a complete, true, and correct statement of their contents.

99.     Defendants deny the allegations of Paragraph 99, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the behavior and characteristics of all 401(k) plans and the beliefs of 401(k) plan participants, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

100.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 100, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

101.     Defendants aver that Paragraph 101 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

102.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 102, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

103.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

104.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

105.     Defendants respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

106.     Defendants aver that Paragraph 106 asserts legal conclusions that do not require a response.

107.     Defendants deny that the allegations of Paragraph 107 present a fair and accurate characterization of the costs and benefits of various mutual fund options, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

108.     Defendants deny that the allegations of Paragraph 108 present a fair and accurate characterization of the costs and benefits of various mutual fund options, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

109.     Defendants deny that the allegations of Paragraph 109 present a fair and accurate characterization of the costs and benefits of various mutual fund options, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

110.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 110, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

111.    Defendants deny that the allegations of Paragraph 111 present a fair and accurate characterization of the costs and benefits of various investment alternatives, and aver that Paragraph 111 asserts legal conclusions that do not require a response.

112.    Defendants deny the allegations of Paragraph 112 with respect to their own behavior, deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the behavior of non-party retirement plan fiduciaries, and aver that Paragraph 112 asserts legal conclusions that do not require a response.

113.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 113, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

114.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 114, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

115.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 115, and aver that Paragraph 115 asserts legal conclusions that do not require a response.

116.    Defendants deny the allegations of Paragraph 116, except admit that MTBIA and, after the merger with Wilmington Trust Corporation and its rebranding, WTIA have provided certain investment advice and recommendations to the Committee since at least 2006, and

respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

117.    Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118, except admit that employees of WTIA, including Valerie Gospodarek, regularly attended Committee meetings and provided certain advice and recommendations regarding the Plan's investment options to the Committee.

119.    Defendants deny that Paragraph 119 presents a fair and accurate characterization of Ann Marie Odrobina's testimony or the extent to which the Committee relied on WTIA for its review of funds in the Plan, and respectfully refer the Court to Ms. Odrobina's deposition testimony as amended by her errata, dated February 13, 2019, for a complete, true, and correct statement of her testimony.

120.    Defendants deny that the allegations of Paragraph 120 present a fair and accurate characterization of WTIA's fiduciary status before the Committee entered into the "401(k) Plan Advisory Service Agreement" in June 2018, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

121.    Defendants deny the allegations of Paragraph 121, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

122.    Defendants deny the allegations of Paragraph 122, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

123.    Defendants deny the allegations of Paragraph 123, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

124.    Defendants deny the allegations of Paragraph 124, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

125.     Defendants deny the allegations of Paragraph 125, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

126.     Defendants deny the allegations of Paragraph 126, except admit that WTIA assisted the Committee in monitoring the performance of the Plan's investment options.

127.     Defendants deny the allegations of Paragraph 127, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

128.     Defendants deny the allegations of Paragraph 128, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

129.     Defendants deny that the allegations of Paragraph 129 present a fair and accurate characterization of WTIA's recommendations with respect to Plan investment option, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

130.     Defendants deny that the allegations of Paragraph 130 present a fair and accurate characterization of WTIA's recommendations with respect to Plan investment options, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

131.     Defendants deny that the allegations of Paragraph 131 present a fair and accurate characterization of WTIA's recommendations with respect to Plan investment options, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

133.     Defendants deny the allegations of Paragraph 133, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

134.    Defendants deny that the allegations of Paragraph 134 present a fair and accurate characterization of WTIA's application of the watch list criteria to the Plan investment options, except admit that the watch list criteria applied during the November 21, 2013 meeting flagged seven mutual funds for further review, five of which were proprietary mutual funds.

135.    Defendants deny the allegations of Paragraph 135, except (a) admit that the new watch list criteria applied during the May 11, 2015 meeting flagged four of the Plan's mutual funds for review, three of which were proprietary mutual funds; (b) aver that (i) the Committee approved the replacement of the earlier set of watch list criteria with the new set during the August 31, 2015 Committee meeting, (ii) the new criteria was drawn from the revised watch list criteria described in WTIA's MSG 1251 Procedures, and (iii) WTIA's revised watch list criteria was approved by the Investment Committee during the March 2015 Investment Committee meeting; and (c) respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

136.    Defendants deny the allegations of Paragraph 136; aver that the during the August 31, 2015 Committee meeting, the Committee concluded WTIA's new watch list criteria was appropriate for use under the Investment Policy Statement, and directed that the Investment Policy Statement be applied by use of WTIA's new criteria; and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

137.    Defendants deny the allegations of Paragraph 137, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

138.    Defendants deny the allegations of paragraph 138, except admit that WTIA has provided certain investment advice and recommendations to the Committee.

139.     Defendants deny the allegations of Paragraph 139, except admit that as of December 31, 2010, the Plan (i) had approximately $1.15 billion in net assets available for benefits, and (ii) offered participants twenty-three investment options, eight of which were part of the MTB Group of Funds.

140.     Defendants deny the allegations of Paragraph 140, except admit that (i) M&T purchased Wilmington Trust Corporation in 2011, and (ii) Wilmington Trust Corporation's defined-contribution plan was merged into the Plan in September 2011.

141.     Defendants deny the allegations of Paragraph 141, except admit that (i) as of June 30, 2010, the Wilmington Trust Thrift Savings Plan included twenty-two investment options, including Wilmington Trust stock, the Wilmington Stable Value Fund, seven other Wilmington Funds, three non-Wilmington separate accounts, and ten non-Wilmington mutual funds, including one or more funds from Vanguard, Fidelity, and American Funds, and (ii) as of December 31, 2010, the Wilmington Trust Thrift Savings Plan reported over $200 million in net assets available for benefits.

142.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 142, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

143.     Defendants deny the allegations of Paragraph 143, except admit that Committee members were (i) officers of M&T Bank, and (ii) M&T shareholders during the Class Period.

144.     Defendants aver that Paragraph 144 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

145.     Defendants deny the allegations of Paragraph 145.

146.   Defendants deny the allegations of Paragraph 146, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

147.   Defendants aver that Paragraph 147 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited case for a complete, true, and correct statement of its contents.

148.   Defendants aver that Paragraph 148 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited case and document for a complete, true, and correct statement of their contents.

149.   Defendants aver that Paragraph 149 asserts legal conclusions that do not require a response, and respectfully refer the Court to the cited case and document for a complete, true, and correct statement of their contents.

150.   Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 150, and aver that Paragraph 150 asserts legal conclusions that do not require a response.

151.   Defendants deny the allegations of Paragraph 151, except admit that the Plan includes certain Wilmington actively-managed funds as investment options participants can select.

152.   Defendants deny the allegations of Paragraph 152, except (a) admit that (i) class I shares of the Wilmington Mid Cap Growth Fund reported total annual fund operating expenses (after fee waivers/expense reimbursements) of 1.08% as of August 31, 2014, (ii) class I shares of the Wilmington Short Duration Government Bond Fund reported total annual fund operating expenses (after fee waivers/expense reimbursements) of 0.64% as of August 31, 2014, (iii) the Wilmington Small-Cap Strategy Fund is designed to track an weighted index reflecting the

investment advisor's growth and value allocations, and (iv) class I shares of the Wilmington Small-Cap Strategy Fund reported total annual fund operating expenses (after fee waivers/expense reimbursements) of 0.31% as of August 31, 2012, and (b) respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

153.    Defendants deny the allegations of Paragraph 153, except respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

154.    Defendants deny the allegations of Paragraph 154, except respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

155.    Defendants deny the allegations of Paragraph 155, except respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

156.    Defendants deny the allegations of Paragraph 156, except respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

157.    Defendants deny the allegations of Paragraph 157, except respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

158.    Defendants deny the allegations of Paragraph 158, except respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

159.    Defendants deny the allegations of Paragraph 159, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning other retirement plans.

160.    Defendants deny the allegations of Paragraph 160.

161.    Defendants deny the allegations of Paragraph 161.

162.    Defendants deny the allegations of Paragraph 162.

163.    Defendants deny the allegations of Paragraph 163, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning an unspecified ranking of mutual funds.

164.    Defendants deny the allegations of Paragraph 164, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning an unspecified ranking of mutual funds.

165.    Defendants deny the allegations of Paragraph 165.

166.    Defendants deny the allegations of Paragraph 166, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning other retirement plans.

167.    Defendants deny the allegations of Paragraph 167.

168.    Defendants deny the allegations of Paragraph 168, except admit that the Plan reported the performance of its investment options to participants in August 2013 as of other prior dates, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

169.    Defendants deny the allegations of Paragraph 169.

170.    Defendants deny the allegations of Paragraph 170, except admit that the Plan reported the performance of its investment options to participants in August 2013 as of other prior dates.

171.    Defendants deny the allegations of Paragraph 171.

172.    Defendants deny the allegations of Paragraph 172, except admit that the Plan reported the performance of its investment options to participants in August 2013 as of other prior dates.

173.     Defendants deny the allegations of Paragraph 173.

174.     Defendants deny the allegations of Paragraph 174.

175.     Defendants deny the allegations of Paragraph 175, except respectfully refer the Court to the cited cases for a complete, true, and correct statement of their contents.

176.     Defendants deny the allegations of Paragraph 176.

177.     Defendants deny the allegations of Paragraph 177.

178.     Defendants deny that the allegations of Paragraph 178 present a fair and accurate characterization of the similarities and differences between various mutual fund share classes.

179.     Defendants deny that the allegations of Paragraph 179 present a fair and accurate characterization of the behavior of mutual funds and institutional investors, and aver that Paragraph 179 asserts legal conclusions that do not require a response.

180.     Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 180.

181.     Defendants deny the allegations of Paragraph 181.

182.     Defendants deny the allegations of Paragraph 182, except admit that the Plan included Investor class shares of the Harbor International Fund as an investment option that participants could select.

183.     Defendants deny the allegations of Paragraph 183, except admit that the Plan included Admin class shares of the PIMCO Total Return Fund as an investment option that participants could select.

184.     Defendants deny the allegations of Paragraph 184.

185.    Defendants deny the allegations of Paragraph 185, except admit that, in 2015, T. Rowe Price began offering Institutional class shares for the mutual funds included in the Plan as investment options that participants could select.

186.    Defendants deny the allegations of Paragraph 186, except deny that Paragraph 186 presents a fair and accurate characterization of Ann Marie Odrobina's testimony regarding the Committee's reliance on WTIA for information with respect to the share classes of the investment options in the Plan, and respectfully refer the Court to Ms. Odrobina's deposition testimony as amended by her errata, dated February 13, 2019, for a complete, true, and correct statement of her testimony.

187.    Defendants deny the allegations of Paragraph 187.

188.    Defendants deny the allegations of Paragraph 188.

189.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 189, and respectfully refer the Court to the cited document and case for a complete, true, and correct statement of their contents.

190.    Defendants deny the allegations of Paragraph 190, except deny knowledge or information sufficient to form a belief about the truth of the allegations concerning the statements of third parties, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

191.    Defendants deny the allegations of Paragraph 191.

192.    Defendants deny that the allegations of Paragraph 192 present a fair and accurate characterization of the relative costs and benefits of collective trusts, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

193.    Defendants deny the allegations of Paragraph 193, except deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 193 concerning the behavior of other investors or retirement funds, and respectfully refer the Court to the cited documents for a complete, true, and correct statement of their contents.

194.    Defendants deny the allegations of Paragraph 194, and aver that Paragraph 194 asserts legal conclusions that do not require a response.

195.    Defendants deny that the allegations of Paragraph 195 present a fair and accurate characterization of the relative costs, benefits, and characteristics of separate accounts.

196.    Defendants deny that the allegations of Paragraph 196 present a fair and accurate characterization of the relative costs, benefits, and characteristics of separate accounts, and respectfully refer the Court to the cited document for a complete, true, and correct statement of its contents.

197.    Defendants deny the allegations of Paragraph 197, except admit that Wilmington Trust, N.A. is the trustee of the Wilmington Trust Collective Investment Trust.

198.    Defendants deny that the allegations of Paragraph 198 present a fair and accurate characterization of the relative costs, benefits, and characteristics of collective trusts and their relationship with and comparison to various mutual funds, except admit that at various points during the Class Period, the Plan included various mutual funds as investment options that Plan participants could select, including the Diamond Hill Large Cap Fund, the Wilmington Multi-Manager International Fund, the Wilmington Short Term Bond Fund, the Wilmington Mid Cap Growth Fund, the Wilmington Broad Market Bond Fund, and the Wilmington Small Cap Strategy Fund.

199.    Defendants deny the allegations of Paragraph 199.

200.     Defendants deny the allegations of Paragraph 200.

201.     Defendants deny the allegations of Paragraph 201.

202.     Defendants deny the allegations of Paragraph 202, except deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 202 concerning the behavior of other investors or retirement funds, and respectfully refer the Court to the cited case for a complete, true, and correct statement of its contents.

203.     Defendants deny the allegations of Paragraph 203, except admit that Sterling Capital Mid Value Institutional share class was included as an investment option within the Plan that participants could select during the statutory period, deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 203 concerning the hypothetical behavior of third parties, and respectfully refer the Court to the cited case for a complete, true, and correct statement of its contents.

204.     Defendants deny the allegations of Paragraph 204, except admit that the T. Rowe Price Equity Income Fund, T. Rowe Price Growth Stock Fund, and T. Rowe Price Small-Cap Value Fund were included within the Plan as investment options that participants could select during the statutory period, and respectfully refer the Court to the cited case for a complete, true, and correct statement of its contents.

205.     Defendants deny the allegations of Paragraph 205, except deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 205 concerning the behavior of third parties.

206.     Defendants deny the allegations of Paragraph 206.

207.     Defendants deny the allegations of Paragraph 207.

208.     Defendants deny the allegations of Paragraph 208.

209.    Defendants deny the allegations of Paragraph 209.

210.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 210 concerning vendor capabilities and competition, and admit that recordkeeping is a necessary service for defined contribution plans,

211.    Defendants deny the allegations of Paragraph 211, excerpt deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 211 concerning how the vast majority of plans are assessed recordkeeping fees.

212.    Defendants deny that the allegations of Paragraph 212 present a fair and accurate characterization of the means by which recordkeeping expenses can be paid.

213.    Defendants deny the allegations of Paragraph 213, except (a) deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 213 concerning the amount of Plan assets that made revenue sharing payments at the time the 2004 recordkeeping agreement was entered into, and (b) admit that (i) the 2004 recordkeeping agreement with T. Rowe Price provided that T. Rowe Price would be compensated for its provision of recordkeeping services through a combination of fees assessed to M&T Bank and revenue sharing, and (ii) as of December 31, 2004, the Plan had approximately $770 million in net assets.

214.    Defendants deny that the allegations of Paragraph 214 present a fair and accurate characterization of how recordkeeping fees are managed, and aver that Paragraph 214 asserts legal conclusions that do not require a response.

215.    Defendants deny that the allegations of Paragraph 215 present a fair and accurate characterization of how recordkeeping fees are managed, except (i) deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 215

concerning the practices of non-party retirement fiduciaries and T. Rowe Price's agreements with other customers, and (ii) aver that Paragraph 215 asserts legal conclusions that do not require a response.

216.    Defendants deny that the allegations of Paragraph 216 present a fair and accurate characterization of how recordkeeping fees are managed, and aver that Paragraph 216 asserts legal conclusions that do not require a response.

217.    Defendants deny the allegations of Paragraph 217, except (i) deny that the allegations of Paragraph 217 present a fair and accurate characterization Ann Marie Odrobina's testimony, (ii) admit that the Plan's size has increased since 2004, and (iii) aver that Paragraph 217 asserts legal conclusions that do not require a response.

218.    Defendants deny the allegations of Paragraph 218, and aver that Paragraph 218 asserts legal conclusions that do not require a response.

219.    Defendants deny knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 219 concerning what constitutes a normal range of recordkeeping fees for other retirement plans.

220.    Defendants deny the allegations of Paragraph 220, and aver that Paragraph 220 asserts legal conclusions that do not require a response.

221.    Defendants deny the allegations of Paragraph 221, and aver that Paragraph 221 asserts legal conclusions that do not require a response.

222.    Defendants deny the allegations of Paragraph 222, and aver that Paragraph 222 asserts legal conclusions that do not require a response.

223.    Defendants aver that no response to Paragraph 223 is required.  Insofar as a response is required, Defendants incorporate their responses to all prior paragraphs.

224.    Defendants deny the allegations of Paragraph 224, except admit that the Committee members are Plan fiduciaries, and aver that Paragraph 224 asserts legal conclusions that do not require a response.

225.    Defendants deny the allegations of Paragraph 225.

226.    Defendants deny the allegations of Paragraph 226.

227.    Defendants deny the allegations of Paragraph 227.

228.    Defendants deny the allegations of Paragraph 228

229.    Defendants deny the allegations of Paragraph 229.

230.    Defendants aver that no response to Paragraph 230 is required.  Insofar as a response is required, Defendants incorporate their responses to all prior paragraphs.

231.    Defendants deny the allegations of Paragraph 231, except admit that the board of directors of M&T Bank had the authority to appoint and remove members of the Committee.

231.    Defendants deny the allegations of Paragraph 231.

232.    Defendants aver that Paragraph 232 asserts legal conclusions that do not require a response, except admit that the Committee Defendants had the authority to obtain advice and assistance from internal or external investment advisors.

233.    Defendants deny the allegations of Paragraph 233.

234.    Defendants deny the allegations of Paragraph 234.

235.    Defendants deny the allegations of Paragraph 235.

263.    Defendants aver that no response to Paragraph 263 is required.  Insofar as a response is required, Defendants incorporate their responses to all prior paragraphs.

264.    Defendants aver that Paragraph 264 asserts legal conclusions that do not require a response.

265.   Defendants deny the allegations of Paragraph 265.

266.   Defendants deny the allegations of Paragraph 266.

267.   Defendants deny the allegations of Paragraph 267.

268.   Defendants deny the allegations of Paragraph 268.

269.   Defendants aver that Plaintiffs are not entitled to a jury trial in this action.

## <u>AFFIRMATIVE DEFENSES</u>

Without assuming any burden of proof that they would not otherwise bear under applicable law, without reducing or removing Plaintiffs' burden of proof on their affirmative claims against Defendants, reserving their right to assert additional defenses and/or affirmative defenses, and solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Defendants assert the following defenses or affirmative defenses.

First Defense
(Failure to State a Claim)

Plaintiffs fail to allege facts sufficient to state any claim upon which relief may be granted.

Second Defense
(Standing)

Plaintiffs lack constitutional and statutory standing to bring the claims alleged.

Third Defense
(Not Appropriate Relief)

Plaintiffs' claimed relief is not permitted by law.

Fourth Defense
(Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

Fifth Defense
(Prohibited Transaction Exemptions)

Plaintiffs' prohibited transaction claims are barred in whole or in part by statutory, regulatory, or administrative exemptions.

Sixth Defense
(Due Care)

Plaintiffs' claims are barred in whole or in part because Defendants acted at all times and in all respects in good faith and with due care, and did not engage in any conduct that would constitute a breach of fiduciary duty or a failure to monitor fiduciaries.

Seventh Defense
(Prudent Action)

Plaintiffs' claims are barred in whole or in part because Defendants' actions were both procedurally and substantively prudent.

Eighth Defense
(Independent Control)

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs exercised independent control over their Plan accounts.

Ninth Defense
(No Losses)

Plaintiffs have not suffered any legally cognizable losses or damages from their claims.

Tenth Defense
(No Causation)

Any injury sustained by Plaintiffs was not directly or proximately caused by the actions of Defendants.

Eleventh Defense
(Failure to Mitigate)

To the extent Plaintiffs have stated a claim on which relief can be granted, Plaintiffs have proximately caused, contributed to, or failed to mitigate any and all losses claimed by them.

Twelfth Defense
(Laches, Wavier, and Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

Thirteenth Defense
(Conduct of Other Entities)

Any damage, loss, or liability must be reduced, diminished, and/or eliminated in proportion to the acts, omissions, and conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility, comparative fault, or other applicable law.

Fourteenth Defense
(Reasonable Fees)

Plaintiffs' claims are barred, in whole or in part, because the challenged fees and expenses are not excessive or unreasonable.

Fifteenth Defense
(Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred in whole or in part by their failure to exhaust administrative remedies.

Sixteenth Defense
(Release)

Plaintiffs' claims are barred to the extent that Plaintiffs released or covenanted to not sue Defendants regarding Plaintiffs' claims.

Seventeenth Defense
(Failure to Meet Class Action Requirements)

This action may not be maintained as a class action because Plaintiffs cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

## RESERVATION OF RIGHTS

Defendants expressly and specifically reserve the right to raise any additional defenses and claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly.   Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this action.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief and respectfully request a judgment against Plaintiffs as follows:

A.      Plaintiffs take nothing by their TAC in this action;

B.      The Court enter judgment against Plaintiffs and in favor of Defendants, and that the CAC in this action be dismissed with prejudice;

C.      The Court award Defendants their attorneys' fees and costs resulting from this action; and

D.      The Court award Defendants any and all other relief to which they may be entitled, or which the Court deems just and proper.

Dated:  August 29, 2019

**SULLIVAN & CROMWELL LLP**

/s/ Matthew A. Schwartz
Richard C. Pepperman, II
  (peppermanr@sullcrom.com)
Matthew A. Schwartz
  (schwartzmatthew@sullcrom.com)
Maya Krugman
  (krugmanm@sullcrom.com)
Tyler M. Dato
  (ossipj@sullcrom.com)
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I, Tyler M. Dato, hereby certify that on August 29, 2019, a copy of the foregoing

was filed with the Clerk of the District Court using its CM/ECF system, which will send copies

electronically to all counsel who have appeared in this action and registered with such system.

Dated:  New York, New York
       August 29, 2019

<u>/s/ Tyler M. Dato</u>
Tyler M. Dato
