# EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the

Western District of New York

In re M&T Bank Corporation ERISA Litigation
*Plaintiff*
v.

*Defendant*

Civil Action No. 1:16-cv-375-FPG-JJM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Gordon Feinblatt LLC, c/o Michael C. Powell
233 E. Redwood Street, Baltimore, MD 21202

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A (Format of Production) and Exhibit B (Requests)

| Place: Snappy Process<br>4110 Villa Nova Road<br>Baltimore, MD 21207 | Date and Time:<br>12/28/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/4/18

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

[signature]
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Sa'ud Habib et al., who issues or requests this subpoena, are:

Jacob Schutz, Nichols Kaster,PLLP, 4600 IDS Ctr, 80 S 8th St., Minneapolis MN 55402;612-256-3200;jschutz@nka.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:16-cv-375-FPG-JJM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

______________________________________________________________________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**Format for the Production of Documents**
**Including Electronically Stored Information**

Federal Rule of Civil Procedure 34(b)(1)(C) provides that a party requesting documents "may specify the form or forms in which electronically stored information is to be produced." Pursuant to Rule 34(b)(1)(C), documents and Electronically Stored Information ("ESI") should be produced in the forms described below.

## A. Production Formats

As a general rule, the production format for all paper documents and ESI shall be single-page Group IV TIFF files with corresponding text and load files, as set forth in detail in Part C below ("the Default Rule").

However, spreadsheets, databases, presentation files, audio/video files, and other file types that do not render to image well should be produced in their Native format ("Native Productions").[1] Native Productions shall **not** be produced as "values only." They should be produced as they are maintained, with all formulas, redlines, comments, linkages, and metadata intact. Native Productions should include all ESI metadata fields set forth below in the load file. It may sometimes be appropriate to produce partial data, such as with information housed in databases containing more information than is relevant to the case.[2] In these instances, the parties should confer and agree on an ESI protocol early on concerning the scope of, and methodology for, extracting the relevant data.

## B. Handling of Paper Documents

Paper documents shall be scanned and produced according to the Default Rule.

## C. Default Rule: Specific Protocols for the Form of Production

The following specific protocols should be used for productions:

1. **IMAGES:**
   - Single Page Group IV TIFF files
   - Image Resolution at least 300 DPI
   - Black and White, unless color is requested or necessary to understand the meaning
   - Match Bates Number file naming convention
   - With Placeholder images for files produced in Native Productions
   - Retain original document orientation

---

[1] Examples of file types that should be produced in Native format include: .doc, .docx, .wav, .mpg, .ppt, .pptx, .xls, .xlsx, .csv, .dta, .dat, .cpt, .opt, .dll, .xpt,.sd2, .sav, .zsav, and .sys.

[2] Examples of file types that may require extracted rather than complete productions include: accdb, .accde, .dbf, .nsf, .mdb, .sas, .sas7dbat, and .sql.

2. **TEXT FILE SPECIFICATIONS:**
   - Full extracted text produced for all file types of ESI
   - Produce a single text file for each document, not one text file per page
   - Produce OCR text files for documents with redactions, for scanned paper documents, or for non-text-based files
   - File Naming Convention: Beg Bates Number

3. **LOAD FILE SPECIFICATIONS:**
   - **Images Load File**: Opticon OPT file
   - **Metadata Load File**: Concordance DAT file with field header information added as the first line of the file. Export using Concordance default delimiters.
   - **Extracted Text:** Reference File Path to Text file in DAT file
   - **Native Files Produced:** Reference File Path to Native file in DAT file

4. **METADATA FIELDS FOR ALL PRODUCTIONS:**
   - **BegBates**: Beginning Bates Number
   - **EndBates**: Ending Bates Number
   - **BegAttach**[3]: First Bates Number of the first document of the family
   - **EndAttach**: Last Bates number of the last document of the family
   - **Custodian**[4]: Custodian of the file(s) produced
   - **Pgcount**: Number of pages
   - **ProdVolume**: Identifies production media deliverable
   - **Record Type:** Indicates type of ESI ("E-Mail", "E-Mail Attachment", "E-Doc", etc.)
   - **Hard Copy:** "Yes" for documents maintained by custodian in hard copy

5. **METADATA FIELDS FOR ESI PRODUCTIONS:**
   - **Filesize**: Size in bytes of the native file
   - **MD5 Hash Value**: MD5 hash value
   - **ExtractedText**: Relative file path to Extracted Text/OCR File (named per BegBates number)
   - **Confidential:** Confidential designation or "Yes" pursuant to any applicable Protective Order
   - **Redacted**: "Has Redactions" or "Yes" for redacted documents
   - **FileName**: Original digital file name
   - **NativePath**: Relative file path to produced Native file (named per BegBates number)
   - **Title**: Title field extracted from the metadata of a non-email document
   - **Author**: Author field extracted from the metadata of a non-email document

---

[3] The metadata field **Physical Folder**, a text field containing the name of a folder that a group of individual hard copy documents are maintained in, may be provided in lieu of the BegAttach and EndAttach fields for scanned paper documents.

[4] **All Custodians**, a field that identifies all custodians who own a document, shall be provided when the producing party incorporates deduplication in their production workflow.

- **Created Date/Time**: Date and time from the Date Created property extracted from the original file
- **LastModified Date/Time**: Date and time from the Modified property of a document, representing the date and time that changes to the document were last saved
- **Last Saved By**: Last Saved/Modified By property of a document, representing the last user to save the document
- **From**: The name (when available) and email address of the sender of an email message
- **To**: The name(s) (when available) and email address(es) of the recipient(s) of an email message
- **CC**: The name(s) (when available) and email address(es) of the recipient(s) of the CC or Carbon Copy of an email message
- **BCC**: The name(s) (when available) and email address(es) of the recipient(s) of the BCC or Blind Carbon Copy of an email message
- **EmailSubject**: Subject of an email message
- **Rcvd Date/Time**: Date and time at which an email message was received
- **Sent Date/Time**: Date and time at which an email message was sent
- **Attachment List**: File names for all attachments to an email message or child items in a family group
- **Number of Attachments**: Number of files attached to an email message or parent document
- **Email Folder**: Folder in which email is stored within a custodian's mailbox
- **Importance Ranking:** Level of importance/sensitivity of email messages

## EXHIBIT B – REQUESTS

**REQUEST NO. 1:** All Documents and Communications dated, drafted, sent to, or sent from Gordon Feinblatt LLC during the Subject Period that relate to the Plan, the management or administration of the Plan (including the selection and monitoring of its investments or service providers), or the Designated Investment Alternatives within the Plan (including the process for selecting, monitoring, and removing the same), excluding Documents and Communications related to settlor functions such as establishing, funding, or terminating the Plan.

**REQUEST NO. 2:** To the extent not produced in response to Request 1, all calendar appointments, meeting notices, meeting minutes, attachments to meeting minutes, notes, agendas, reports, presentations, PowerPoints, slides, handouts, emails, and any other Documents generated or circulated in connection with a Committee or Board meeting, in preparation for such a meeting, or as follow-up to such a Committee or Board meeting that relate to the Plan, the management or administration of the Plan (including the selection and monitoring of its service providers), or the Designated Investment Alternatives within the Plan (including the process for selecting, monitoring, and removing the same).

**REQUEST NO. 3:** All Communications with any employees or agents of the M&T Bank Entities regarding this Action; potential liability related to claims similar to those asserted in this Action; or other ERISA actions asserting claims related to excess investment management fees, proprietary investments, index funds, collective investment trusts, or share classes within a defined contribution plan, including but not limited to any Communications referencing any of the following matters (including any related appellate matters): *In re SunTrust Banks, Inc. ERISA Litig.*, No. 1:08-CV-3384-RWS (N.D. Ga.), *Tibble v. Edison Int'l*, No. CV-07-5359-SVW (C.D. Cal.), *Leber v. Citigroup 401(k) Plan Inv. Comm.*, No. 07-CV-9329 (SHS) (S.D.N.Y.), *Mehling*

*v. NY Life Ins. Co.*, No. 99-CV-5417 (E.D. Pa.), *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, No. 09-MD-2058 (PKC) (S.D.N.Y.), *Tussey v. ABB, Inc.*, No. 2:06-CV-04305 (W.D. Mo.), or *Krueger v. Ameriprise Financial, Inc.*, No. 11-cv-02781 (SRN/JSM) (D. Minn.).

**REQUEST NO. 4:** All written or recorded statements of witnesses, potential witnesses, or persons interviewed in connection with this Action.

**DEFINITIONS AND INSTRUCTIONS**

Documents, data, and any other things responsive to these Requests should be produced in the format set forth in **Exhibit A**.

For purposes of these requests, the following terms have the following meanings:

1. "Board" means the shared Board of Directors of M&T Bank Corporation and Manufacturers and Traders Trust Company.

2. The "M&T Bank Entities" means Manufacturers and Traders Trust Company, M&T Bank Corporation, Wilmington Trust Investment Advisors, Inc., and Wilmington Funds Management Corporation.

3. "Committee" means the M&T Bank Employee Benefit Plans Committee.

4. "Designated Investment Alternative" has the same meaning as defined in 29 C.F.R. § 2550.404a–5(h)(4), and excludes self-directed brokerage accounts or investments within self-directed brokerage accounts.

5. "Gordon Feinblatt LLC" refers to Gordon Feinblatt LLC and its predecessors, partners, officers, directors, employees, committees, attorneys, agents, or anyone else acting on its behalf.

6. “Plan” means the M&T Bank Corporation Retirement Savings Plan, employer identification number 16-0538020, plan number 004, effective date April 1, 1986, and all of its predecessor or successor plans.

7. “Subject Period” means May 11, 2010 through the date this Subpoena was served.

**UNITED STATES DISTRICT COURT** **WESTERN DISTRICT OF NEW YORK**

In re

Court File Number
1:16-cv-375

M&T Bank Corporation ERISA Litigation

**AFFIDAVIT OF SERVICE**

State of Maryland }
County of Montgomery } SS

I, Richard Damario, state that on
(Name of Server)

12 / 5 /2018 at 3:17 : ____ P M, I served the:
(Date of Service) (Time of Service)

Subpoena; Exhibit A; Exhibit B; Protective Order

upon: Gordon Feinblatt LLC

therein named, personally at: 233 East Redwood Street
Baltimore, MD 21202

by handing to and leaving with:

[ ] the Registered Agent of Gordon Feinblatt LLC
[XX] an Officer of Gordon Feinblatt LLC - Michael C. Powell, Officer
[ ] a Managing Agent, someone within Gordon Feinblatt LLC whose management capacity is such that (s)he exercises independent judgment and discretion

Michael C. Powell — Officer
(Name of the Person with whom the documents were left) (Title or Relationship)

a true and correct copy thereof.

I declare under penalty of perjury that this information is true.

Dated: 12 / 6 /2018

(Signature of Server)

Richard F. Damario
(Printed Name of Server)

* Service was completed by an independent contractor retained by Metro Legal Services, Inc.



Serial # NICKAA 211750 3028

Re: 12180-01




330 2nd Avenue South, Suite 150
Minneapolis, MN 55401
(800) 488-8994
www.metrolegal.com