# EXHIBIT 5

**Nichols Kaster**
ATTORNEYS AT LAW

Jacob Schutz
Direct: (612) 256-3288
Fax: (612) 338-4878
jschutz@nka.com

4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(877) 448-0492

June 21, 2019

**VIA EMAIL**

Jerrold Thrope
Gordon Feinblatt LLC
233 E. Redwood Street
Baltimore, MD 21202
jthrope@gfrlaw.com

      Re:   *Habib et al v. M&T Bank Corp. et al*
              Court File No. 1:16-cv-00375 (FPG)

Dear Jerrold,

I write in response to your email dated June 18, 2019, attaching updated privilege logs. Prior to that, on April 24, 2019, we held a meet and confer call regarding the original privilege logs provided by Gordon Feinblatt LCC for documents withheld or redacted in response to a subpoena served by Plaintiffs in the above-captioned matter on December 5, 2018. In your June 18, 2019 email, you indicated that Gordon Feinblatt would not be unredacting any documents, or producing any previously withheld as privileged. The updated privilege logs continue to reflect that a substantial number of the documents withheld or redacted by Gordon Feinblatt are not protected by the attorney-client privilege and should be produced or unredacted. Please let me know a date and time next week when you are available to meet and confer regarding the same.

"To invoke the attorney-client privilege, a party must demonstrate that there was: (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *United States v. Construction Products Research, Inc.,* 73 F.3d 464, 473 (2d Cir.1996).

A number of the privilege log entries state, "Privileged. Legal advice given to persons other than fiduciaries." Plaintiffs understand Mr. Mellin's client to have been the M&T Bank Employee Benefit Plans Committee ("Committee"). For any entry where Gordon Feinblatt asserts that the communication was with a different client, please be prepared to discuss the identity of such client as well as all recipients of the communication (so that Plaintiffs may assess whether the communication was kept confidential). For example, two entries do not disclose any individuals associated with the purportedly privileged communication (with the Internal Document IDs REV0000739 and REV0000744).

A number of documents are redacted as "non-responsive." As an initial matter, it appears that Gordon Feinblatt is taking a more aggressive approach on this issue than Defendants in the above-captioned matter. For example, it appears that Gordon Feinblatt is redacting any discussion of the M&T Bank pension (defined benefit) plan, whereas Defendants produced Committee minutes with discussions of the pension unredacted. Indeed, courts have regularly

rejected redactions for non-responsiveness. *See, e.g.*, *David v. Alphin*, 2010 WL 1404722, at *8 (W.D.N.C. Mar. 30, 2010) ("The Federal Rules sanction only very limited unilateral redaction, *see* Fed.R.Civ.P. 5.2. Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case.") (quoting *Evon v. Law Offices of Sidney Mickell*, 2010 WL 455476, f.n.1 (E.D.Cal. Feb. 3, 2010)); *Sexual Minorities of Uganda v. Lively*, 2015 WL 4750931, at *4 (D. Mass. Aug. 10, 2015) (citation omitted) ("[T]o the extent [a party] has made redactions from documents it produced on the grounds that the redacted information was not, in its view, relevant, those documents will be produced without redactions except to the extent that those documents contain privileged material."); *Krueger v. Ameriprise Fin., Inc.*, 2013 WL 12139425, at *32 (D. Minn. Aug. 15, 2013) (ordering defendant to produce "the unredacted meeting minutes and materials considered by the committees responsible for administering [defendant's defined benefit plan]").

Moreover, evidence reflecting how the Committee managed another retirement plan is directly relevant to this ERISA action alleging breach of fiduciary duty, which turns on whether the Plan's fiduciaries exercised "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B); *see also Krueger*, 2013 WL 12139425, at *32 (ordering the production of unredacted minutes related to pension plan in lawsuit concerning 401(k) plan). As such, Plaintiffs ask that all redactions on the basis of nonresponsiveness be removed.

Plaintiffs do not challenge privilege designations for documents discussing this litigation, beginning with the entry for redactions to February 29, 2016 meeting minute notes summarized as, "Outline of presentation by counsel regarding analysis of potential class action suit in response to letter and advertisements." GF0002881. However, Plaintiffs do dispute privilege designations before this date based on general liability concerns, including "legal risks related to RSP" and "Counsel's notes regarding legal analysis," as noted as justification for redactions to the August and November 2014 Committee minute notes, respectively, and the withheld memorandum dated February 16, 2015 on the subject of "Investments in Wilmington Trust Mutual Funds."

With respect to whether a document may be withheld as addressing liability concerns rather than fiduciary issues, "The key issue remains whether the communication related to plan administration or generalized concern for liability, as opposed to concern for the fiduciaries' liability as a result of a specific threat of litigation." *Tatum v. R.J. Reynolds Tobacco Co.*, 247 F.R.D. 488, 498 (M.D.N.C. 2008); *see also Black v. Bowes*, 2006 WL 3771097, at *3 (S.D.N.Y. Dec. 21, 2006) ("What emerges from these cases is an inquiry that centers on whether the purpose of the communications was legal advice regarding the legal liability of plan administrators in imminent or pending litigation, as opposed to advice concerning a general fear of liability or advice concerning plan administration itself."). Thus, no document should be redacted or withheld because it discusses liability concerns before the Committee became aware of this potential lawsuit in or about February 2016. Thus, Gordon Feinblatt should unredact the documents bates labeled GF0002790, GF0002862, GF0002865, and produce the documents withheld with the internal document IDs REV0000385, REV0000409, REV0000444,

REV0000445, REV0000733, REV0000735, REV0000738, REV0000739, REV0000744, and REV0000866.

Finally, can you please confirm whether any of the redactions in the document bates numbered GF0002849 contain discussions of the Plan. Although it does not appear on either the original or revised privilege logs, there is a substantial redaction in the middle of a discussion otherwise addressing the Plan.

Given the length of time that has passed since Plaintiffs first served their subpoena on Gordon Feinblatt and the length of time that passed since our last meet and confer, after which Gordon Feinblatt did not change its position with respect to a single privilege designation, please be prepared to fully discuss and, to the extent possible, resolve the issues described above, so that Plaintiffs may timely seek relief from a court if necessary.

Sincerely,

**NICHOLS KASTER, PLLP**

Jacob Schutz