# EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

*In re M&T Bank Corporation ERISA Litigation*

Civil Action No.: 1:16-cv-375-FPG-JJM

**Consolidated Action**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members (on behalf of themselves and the Plan), and M&T Bank as defined herein.

## 1. ARTICLE 1 – RECITALS

**1.1** On May 11, 2016, Class Representatives Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, and Russ Dixon filed a Class Action Complaint (*ECF No. 1*) in the United States District Court for the Western District of New York, asserting claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), in relation to the management of the M&T Bank Corporation Retirement Savings Plan (the "Plan"). These Class Representatives filed a First Amended Class Action Complaint ("FAC") on August 17, 2016. On September 1, 2016, Class Representative Jacqueline Allen filed her related action asserting the same or similar claims against M&T Bank and many of the same Defendants. A Consolidated Complaint was filed on August 25, 2017. *ECF No. 35.*

**1.2**     On October 10, 2017, Defendants moved to dismiss certain claims in the Consolidated Complaint.  *ECF No. 41*.  On September 11, 2018, the Court granted in part and denied in part Defendants' partial motion to dismiss.  As to certain parties, the Class Representatives' fiduciary duty and prohibited transaction with parties in interest claim survived the motion to dismiss.  *ECF No. 68*.  The Class Representatives moved to amend their Consolidated Complaint by naming an additional fiduciary defendant, and adding allegations related to Defendants' alleged failure to prudently monitor recordkeeping expenses.  *See ECF No. 83*.  Defendants opposed the Class Representatives' motion.  *ECF Nos. 91, 114*.  On August 12, 2019, the Court granted the Class Representatives' motion to amend.  *ECF No. 132*.  The Class Representatives filed their First Amended Consolidated Complaint on August 15, 2019 (*ECF No. 135*), and Defendants filed an Answer on August 29, 2019 (*ECF No. 141*).

**1.3**     On March 25, 2019, the Class Representatives filed a motion for class certification, which Defendants opposed.  *See ECF Nos. 94, 116, 121*.  That motion was not decided by the Court by the time of this settlement.

**1.4**     The Settling Parties participated in a full-day mediation with the Honorable Layn Phillips, a retired United States district court judge, on February 18, 2019.  *ECF No. 120*.  Prior to the mediation, the Settling Parties exchanged pre-mediation statements explaining their factual and legal positions in detail.  The Settling Parties engaged in extensive arms-length negotiations supervised by the Mediator, but did not reach a settlement during the mediation.  The Settling Parties agreed, however, to continue their negotiations with the assistance of the Mediator.

**1.5**     The Class Representatives and Defendants have engaged in extensive discovery in this action.  The Class Representatives have produced over 7,500 pages of documents, and Defendants have produced over 250,000 pages of documents.  In addition, Class Counsel took

the deposition of five witnesses, and Defendants took depositions of the six Class Representatives.

1.6     Class Counsel also engaged in third-party discovery, through which they obtained over 3,800 pages of documents from three different entities.

1.7     After continued negotiations between the Settling Parties and the Mediator, on September 26, 2019, the Settling Parties agreed to a settlement-in-principle.  The entire terms of the Settlement are memorialized in this Settlement Agreement.

1.8     The Class Representatives and Class Counsel consider it desirable and in the Plan's and Class Members' best interests that the claims against Defendants be settled on the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this settlement will result in significant benefits to the Plan and the Settlement Class.

1.9     Defendants admit no wrong doing or liability with respect to any of the allegations or claims in the Complaint, deny all liability to the Class Representatives, the Settlement Class and the Plan, deny all of the claims made in the Action, deny all allegations of wrongdoing in this Action, and deny that the Class Representatives, the Plan, or any of the Plan's current or former participants suffered any losses.  Defendants further maintain that they acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the Plan. This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be deemed to be evidence of, an admission or concession of fault or liability of any kind by any Defendant or Released Party.

1.10     To avoid the risks and uncertainty of further litigation, and after consulting with counsel and considering the facts and applicable law, the Settling Parties have concluded that it

is desirable that this matter be finally settled upon the terms and conditions set forth in this Settlement Agreement.

**1.11** Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

## 2. ARTICLE 2 – DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 13.16), unless otherwise defined, the following terms have the meanings specified below:

**2.1** "Action" means the consolidated action captioned *In re M&T Bank Corporation ERISA Litigation*, No. 1:16-cv-375-FPG-JJM, in the United States District Court for the Western District of New York.

**2.2** "Active Account" means an individual investment account in the Plan with a balance greater than $0.00.

**2.3** "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Settlement Class; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the calculations pursuant to the Plan of Allocation and distribution of funds under the Plan of Allocation; (d) all fees and expenses associated with the Settlement Website and telephone support line described in Article 12; and (e) all other fees and expenses of the Settlement Administrator, Independent Fiduciary, and the Escrow Agent. Excluded from Administrative Expenses are Defendants' internal expenses, recordkeeping expenses, and the Settling Parties'

respective legal expenses.  Administrative Expenses shall be paid from the Gross Settlement Amount.

**2.4**     "Alternate Payee" means a person other than a Current Participant, Former Participant, or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order ("QDRO").

**2.5**     "Attorneys' Fees and Costs" means the amount awarded by the Court as (i) compensation for the services provided by Class Counsel in connection with the Action; and (ii) as reimbursement for costs and expenses incurred by Class Counsel in connection with the Action.  The amount of attorneys' fees for Class Counsel shall not exceed $6,950,000, which shall be recovered from the Gross Settlement Amount.  Class Counsel also will seek reimbursement for all costs and expenses incurred by Class Counsel during the pre-litigation investigation conducted by Class Counsel and for the duration of this litigation, which shall also be recovered from the Gross Settlement Amount.

**2.6**     "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form dated by the Claims Deadline set by the Court in the Preliminary Approval Order and whose Former Participant Claim Form is accepted by the Settlement Administrator.

**2.7**     "Beneficiary" means a person who is entitled to receive a benefit under the Plan that is derivative of a deceased Current Participant's or Former Participant's interest in the Plan, other than an Alternate Payee.  A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, child or other individual or trust designated by the Current Participant or Former Participant as determined under the terms of the Plan who currently is entitled to a benefit.

**2.8**    "Business Days" refers to the days between Monday and Friday of each week, and excludes the "Legal Holidays" specified in Federal Rule of Civil Procedure 6(a)(6).

**2.9**    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

**2.10**    "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

**2.11**    "Class Counsel" means Nichols Kaster, PLLP, 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402, Kessler Topaz Meltzer Check LLP, 280 King of Prussia Road, Radnor, PA 19087, and Trevett Cristo, 2 State Street, Suite 100, Rochester, NY 14614.

**2.12**    "Class Members" means all individuals in the Settlement Class.

**2.13**    "Class Period" means the period from May 11, 2010 through (and including) September 30, 2019.

**2.14**    "Class Representatives" means Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, Russ Dixon, and Jacqueline Allen.

**2.15**    "Class Representative Compensation" means the amount awarded by the Court as compensation for the services provided by the Class Representatives in the Action and the risks assumed by the Class Representatives in the Action, but not to exceed $10,000, which shall be paid from the Gross Settlement Amount directly to the Class Representatives.

**2.16**    "Confidentiality Order" means the Stipulated Protective Order entered in the Action on November 20, 2018 (*ECF Nos. 65, 78*).

**2.17**    "Court" means the United States District Court for the Western District of New York.

**2.18**    "Court of Appeals" means the United States Court of Appeals for the Second Circuit.

**2.19** "Current Participant" means a person who participated in the Plan, including Beneficiaries and Alternate Payees, during the Class Period and had an Active Account in the Plan as of September 30, 2019.

**2.20** "Defendants" means all defendants named in any complaint filed in this Action, including M&T Bank Corporation, Manufacturers and Traders Trust Company, Wilmington Trust Investment Advisors, Wilmington Funds Management Corporation, Wilmington Trust Corporation, M&T Bank Employee Benefit Plans Committee, Edward Amoroso, Brent O. Baird, C. Angela Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Gary N. Geisel, John D. Hawke, Jr., Patrick W.E. Hodgson, Richard G. King, Newton P.S. Merrill, Melinda R. Rich, Robert E. Sadler, Jr., Denis J. Salamone, Herbert L. Washington, Robert J. Bennett, Michael D. Buckley, Colin E. Doherty, Jorge Pereira, Janet Coletti, Brian E. Hickey, Darren J. King, Kevin J. Pearson, Michael R. Spychala, Michele D. Trolli, and Stephen J. Braunscheidel, Robert G. Wilmers, Michael P. Pinto, and Mark J. Czarnecki.

**2.21** "Defense Counsel" means counsel for Defendants, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004.

**2.22** "Effective Approval Order" means the Final Approval Order once it becomes Effective.

**2.23** "Effective" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for *certiorari*, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the

exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling

Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval

Order becomes Effective thirty-five (35) calendar days after its entry.

    **2.24**    "Escrow Agent" means Alerus, or another entity agreed to by the Settling Parties.

    **2.25**    "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any

objections from Class Members to the Settlement Agreement; (b) Class Counsel's request for

Attorneys' Fees and Costs, and Administrative Expenses; (c) the Class Representatives' request

for Class Representative Compensation; and (d) whether to finally approve the Settlement

pursuant to Fed. R. Civ. P. 23.

    **2.26**    "Final Approval" means the entry of the Final Approval Order.

    **2.27**    "Final Approval Order" means the order and final judgment approving the

Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the

Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in

substantially the form attached as Exhibit 5 hereto.

    **2.28**    "Former Participant" means a person who participated in the Plan, including

Beneficiaries and Alternate Payees, during the Class Period but did not have an Active Account

as of September 30, 2019.

    **2.29**    "Former Participant Claim Form" means the form described generally in

Paragraph 3.3.2 and substantially in the form attached as Exhibit 3.

    **2.30**    "Gross Settlement Amount" means the sum of twenty million, eight hundred and

fifty thousand dollars ($20,850,000), contributed to the Qualified Settlement Fund pursuant to

Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the

Settlement Class, Class Representatives, and Class Counsel made on behalf of Defendants in

connection with the Settlement effectuated through this Settlement Agreement, pursuant to Paragraph 5.5.

**2.31** "Group A Investments" means the following investments affiliated with M&T Bank: MTB Intermediate Term Bond Fund (renamed Wilmington Intermediate Term Bond Fund), MTB International Equity Fund, MTB Large Cap Growth Fund (renamed Wilmington Large Cap Growth Fund), MTB Large Cap Value Fund (renamed Wilmington Large Cap Value Fund), MTB Mid Cap Growth Fund (renamed Wilmington Mid Cap Growth Fund), MTB Prime Money Market Fund, MTB Small-Cap Growth Fund (renamed Wilmington Small-Cap Growth Fund), MTB U.S. Government Bond Fund, Wilmington Broad Market Bond Fund, Wilmington Multi-Manager International Fund, Wilmington Strategic Allocation Aggressive Fund (f/k/a Wilmington Aggressive Asset Allocation Fund), Wilmington Strategic Allocation Conservative Fund (f/k/a Wilmington Conservative Asset Allocation Fund), Wilmington Multi-Manager Real Asset Fund, Wilmington Small-Cap Strategy Fund, Wilmington Short Duration Government Bond Fund (f/k/a MTB Short Duration Government Bond Fund), and Wilmington Short-Term Bond Fund (f/k/a Wilmington Short-Term Corporate Bond).

**2.32** "Group B Investments" means the mutual fund versions of the following non-proprietary investments: T. Rowe Price Balanced Fund, T. Rowe Price Equity Income Fund, T. Rowe Price Growth Stock Fund, T. Rowe Price Retirement 2010 Fund, T. Rowe Price Retirement 2020 Fund, T. Rowe Price Retirement 2030 Fund, T. Rowe Price Retirement 2040 Fund, T. Rowe Price Retirement Balanced Fund (f/k/a T. Rowe Price Retirement Income Fund), T. Rowe Price Small-Cap Value Fund, Diamond Hill Large Cap Fund, and Sterling Capital Mid Cap Value Fund.

**2.33** "Independent Fiduciary" means an independent fiduciary who will serve as a fiduciary to the Plan in accordance with Article 3 that has no relationship to or interest in any of the Settling Parties and is mutually agreed to by the Settling Parties.

**2.34** "Mediator" means the Honorable Layn Phillips, Phillips ADR, 2101 East Coast Highway, Suite 250, Corona Del Mar, CA 92625, or if he is unavailable, another mediator mutually agreed upon by the Settling Parties.

**2.35** "M&T Bank" means Manufacturers and Traders Trust Company.

**2.36** "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs approved by the Court; (b) the Class Representative Compensation approved by the Court; and (c) all Administrative Expenses approved by the Court.

**2.37** "Plan" means the M&T Bank Corporation Retirement Savings Plan.

**2.38** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6 herein.

**2.39** "Preliminary Approval Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Preliminary Approval of the Settlement, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 4.

**2.40** "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent pursuant to Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.41** "Released Parties" means (a) each Defendant and its insurers; (b) each Defendant's past, present, and future parent corporation(s); (c) each Defendant's past, present,

and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (d) with respect to (a) through (c) above, each of their respective boards of directors and managers, past, present and future members of the boards of directors, boards of trustees, officers, trustees, directors, partners, agents, managers, members, shareholders (in their capacity as such), affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), administrators, service providers (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; (e) the Plan and its predecessors and successors; and (f) each of the Plan's fiduciaries, administrators, recordkeepers, trustees, service providers, parties in interest, investment consultants, and funds in which the Plan was invested, directly or indirectly. Released Parties are intended third party beneficiaries of this Settlement Agreement and are entitled to enforce its terms.

**2.42**    "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, including both known and unknown claims, whether class, derivative, or individual in nature against any of the Released Parties and Defense Counsel:

**2.42.1**    That were asserted in the Action, or that arise out of, relate to, are based on, or have any connection with any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or

occurrences that were alleged, asserted, or set forth in the Action, including but not

limited to those that arise out of, relate in any way to, are based on, or have any

connection with: (1) the overall structure, management, or monitoring of the Plan's

investment menu, (2) the selection, monitoring, oversight, retention, fees, expenses, or

performance of the Plan's investment options and service providers, (3) fees, costs, or

expenses charged to, paid, or reimbursed by the Plan, (4) disclosures or failures to

disclose information regarding the Plan's investment options or service providers, (5) the

investment options offered to Plan participants, (6) the selection of vendors and providers

for the Plan, (7) the services provided to the Plan or the costs of those services, (8) any

alleged breach of the duty of loyalty, care, prudence, diversification, or any other

fiduciary duties, (9) any assertions regarding revenue sharing paid, received, or not

recaptured in connection with the Plan; (10) engaging in self-dealing or prohibited

transactions in relation to the investment options available under the Plan or services

provided to or for the Plan, and/or (11) any assertions with respect to any fiduciaries of

the Plan (or the selection or monitoring of those fiduciaries) in connection with the

foregoing; or

**2.42.2**  That would be barred by res judicata based on entry by the Court

of the Final Approval Order; or

**2.42.3**  That relate to the direction to calculate, the calculation of, and/or

the method or manner of allocation of the Qualified Settlement Fund pursuant to

the Plan of Allocation; or

**2.42.4**  That relate to the approval by the Independent Fiduciary of the

Settlement Agreement, unless brought against the Independent Fiduciary alone.

**2.43** "Retirement Committee" means the M&T Bank Employee Benefit Plans Committee.

**2.44** "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.45** "Settlement Administrator" means an independent contractor to be retained by Class Counsel and approved by the Court for purposes of sending the Settlement Notices to the Class, establishing the Settlement Website and telephone support line, and administering the Settlement as provided in this Settlement Agreement.

**2.46** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.47** "Settlement Class" means the following class to be certified by the Court:

All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the M&T Bank Corporation Retirement Savings Plan, at any time during the Class Period from May 11, 2010 through September 30, 2019.

**2.48** "Settlement Effective Date" means the date on which the Final Approval Order becomes Effective, provided that by such date the Settlement has not been terminated pursuant to Article 11.

**2.49** "Settlement Notices" means the Notices of Class Action Settlement and Fairness Hearing to be mailed by first class mail by the Settlement Administrator to Class Members following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibits 1 and 2, including the Notice of Class Action Settlement and Fairness Hearing to Current Participants, and the Notice of Class Action Settlement and Fairness Hearing to Former Participants, respectively. The Settlement Notices shall inform Class Members of all information required by Rule of Civil Procedure 23 and due process, including their right to

object to the Settlement and to attend the Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Approval Order and the Settlement Notices may be heard regarding: (a) the terms of the Settlement Agreement; (b) Class Counsel's request for an award of Attorneys' Fees and Costs and Administrative Expenses; and (c) any requested Class Representative Compensation. The Settlement Notices also shall inform Former Participants of the Claims Deadline by which they must submit a completed Former Participant Claim Form to the Settlement Administrator in order to be eligible for a distribution pursuant to the Plan of Allocation.

**2.50** "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of nine months thereafter.

**2.51** "Settlement Website" means the internet website established pursuant to Paragraph 12.1.

**2.52** "Settling Parties" means M&T Bank and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

**3. ARTICLE 3 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS**

**3.1** The Independent Fiduciary shall be retained by M&T Bank, on behalf of the Plan, to determine whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

**3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States

Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination for the purpose of Defendants' reliance on PTE 2003-39.

**3.1.2** The Independent Fiduciary shall notify M&T Bank directly of its determination in writing (with copies to Class Counsel and Defense Counsel) and in accordance with PTE 2003-39, which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

**3.1.3** All fees and expenses associated with the Independent Fiduciary's retention, determination, and performance of its obligations in connection with the Settlement will constitute Administrative Expenses to be deducted and paid from the Gross Settlement Amount.

**3.1.4** M&T Bank, Defense Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

**3.2** Following execution of this Settlement Agreement, the Class Representatives, through Class Counsel, shall file with the Court a motion seeking preliminary approval of this Settlement Agreement and class certification for settlement purposes only, and for entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit 4. The Preliminary Approval Order to be presented to the Court, as to the Action, shall, among other things:

**3.2.1** Grant the motion to certify the class for settlement purposes only under Rule 23(b)(1) of the Federal Rules of Civil Procedure;[1]

---

[1] It is expressly agreed that any certification of the Settlement Class shall be for settlement purposes only, and, if the Settlement Agreement fails to become Effective for any reason whatsoever, Defendants do not waive any arguments that they may have that class certification for any other

**3.2.2** Approve the text of the Settlement Notices for mailing to Class Members and the Former Participant Claim Form for mailing to Former Participants;

**3.2.3** Order the Settlement Administrator to mail by first class mail a Settlement Notice to each Class Member identified by the Settlement Administrator and a Former Participant Claim Form to each Former Participant identified by the Settlement Administrator based upon the data provided by the Plan's recordkeeper;

**3.2.4** Hold that mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

**3.2.5** Preliminarily enjoin each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims;

**3.2.6** Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan;

---

purposes would be improper.

**3.2.7** Set the Fairness Hearing for no sooner than one hundred thirty (130) calendar days after the date of the Preliminary Approval Order, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Approval Order, and (iii) the Court should approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

**3.2.8** Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any supporting documents must be filed at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

**3.2.9** Provide that any party may file a response to an objection by a Class Member;

**3.2.10** Set a deadline of no later than ten (10) calendar days before the Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution pursuant to the Plan of Allocation;

**3.2.11** Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court; and

**3.2.12**  Approve the Form of CAFA Notices attached as Exhibit 6 and order that upon mailing of the CAFA notices, Defendants shall have fulfilled their obligations under CAFA.

**3.3**  Within forty-five (45) calendar days of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall:

**3.3.1**  Cause to be mailed to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 1 and 2, to Current Participants and Former Participants, respectively, or a form subsequently agreed to by the Settling Parties and the Court.  The Settlement Notices shall be sent by first-class mail, postage prepaid, to the last known address of each Class Member provided by the Plan's recordkeeper (or its designee) through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee).  The Settlement Administrator also shall post a copy of the Settlement Notices on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

**3.3.2**  Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 3, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed to the Former Participants.

**3.4** Defendants shall, within ten (10) calendar days of Class Representatives' filing of the Settlement Agreement and proposed Preliminary Approval Order, have prepared and provided CAFA notices to the Attorney General of the United States and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715.

**3.5** Defense Counsel shall respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

**3.6** The Settlement Administrator shall be bound by the Confidentiality Order and any further non-disclosure or security protocol jointly required by the Settling Parties, set forth in writing to the Settlement Administrator.

**3.7** The Settlement Administrator shall use the data provided by M&T Bank and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose. The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4. ARTICLE 4 – FINAL SETTLEMENT APPROVAL**

**4.1** No later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order (Exhibit 5) in the form approved by Class Counsel and Defendants, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance

with this Settlement Agreement. The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as necessary to carry out the Settlement consistent with applicable law and the Plan's governing documents:

**4.1.1** For approval of the Settlement and the release of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take all necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2** For a determination that mailing the Settlement Notices constituted the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members was provided, consistent with Federal Rules of Civil Procedure 23 and the requirements of due process;

**4.1.3** For dismissal with prejudice of the Action and all Released Claims asserted therein whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

**4.1.4** That the Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any

action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

**4.1.5** That the Plan and the Class Representatives and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of themselves and the Plan shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims;

**4.1.6** That the Class Representatives and each Class Member shall release Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.7** That all applicable CAFA requirements have been satisfied;

**4.1.8** That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court;

**4.1.9** That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

**4.1.10** That within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution; and

**4.1.11** The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement.

**4.2** The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon becoming Effective, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by the Final Approval Order.

## 5. ARTICLE 5 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

**5.1** No later than ten (10) Business Days after entry of the Preliminary Approval Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the

escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Settlement Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

5.3     Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants

or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Defendants, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4    Within thirty (30) Business Days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to M&T Bank in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, M&T Bank or its insurers shall deposit the Gross Settlement Amount into the Qualified Settlement Fund.

5.5    The Gross Settlement Amount shall be the only amount paid by M&T Bank or its insurers under this Settlement Agreement, and neither M&T Bank nor its insurers shall be obligated to make any other payments to the Class Representatives, the Class, or the Plan under

this Settlement Agreement or in connection with this Settlement, including but not limited to any payments that any of the Class Representatives or Class members may claim they are entitled to under the Plan as a result of this Settlement or any Class Representatives' or Class Members' recovery under this Settlement.

**5.6**     The Escrow Agent shall invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**5.7**     The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel.  Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.8**     After the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: First, within five (5) Business Days of the Settlement Effective Date, all Administrative Expenses approved by the Court shall be paid.  Second, within sixty (60) calendar days of the Settlement Effective Date, (a) any Class Representative Compensation approved by the Court shall be paid; (b) all Attorneys' Fees and Costs approved by the Court shall be paid to Class Counsel; and (c) the Net Settlement Amount will be distributed pursuant to the Plan of Allocation.  Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

**5.9**     The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defense Counsel, and Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**5.10**     No later than February 15 of the year following the calendar year in which M&T Bank or its insurers make a transfer to the Qualified Settlement Fund pursuant to the terms of this Article 5, M&T Bank, its insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which M&T Bank, its insurers, or agents make a transfer to the Qualified Settlement Fund.

**6.     ARTICLE 6 – PLAN OF ALLOCATION**

**6.1**     After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants as set forth in Paragraph 6.6 below, and to the Plan for distribution to the accounts of Current Participants as set forth in Paragraph 6.5 below, both in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.2**     To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or an Authorized Former Participant, or a Beneficiary or Alternate Payee of such a person.  Current Participants shall receive their settlement payments as contributions to

their Plan account(s), as provided for in Paragraph 6.5 below, unless, as of the date of their settlement payments, they no longer have an Active Account in the Plan, in which case they shall be treated as Authorized Former Participants. Authorized Former Participants shall receive their settlement payments in the form of checks or, if permitted by the Settlement Administrator, in the form of tax qualified rollovers to an individual retirement account or other eligible employer plan, as provided in Paragraphs 6.6 and 6.6.1 below.

**6.3** Beneficiaries will receive settlement payments as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. This includes settlement payments to Beneficiaries determined by the participant's account in the Plan during the Class Period and/or by the Beneficiary's own account in the Plan during the Class Period if an account was created in the Plan for the Participant's Beneficiary. Alternate Payees will receive settlement payments if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 pursuant to the terms of the applicable Qualified Domestic Relations Order. Beneficiaries and Alternate Payees with Active Accounts as of September 30, 2019 will receive payments by the method described in this Article 6 for Current Participants, subject to Paragraph 6.5.6 below. Beneficiaries and Alternate Payees who do not have Active Accounts as of September 30, 2019 will receive payments by the method described in this Article 6 for Authorized Former Participants. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.4**      **Calculation of Settlement Payments**.  Payments to Authorized Former Participants and Current Participants (including Beneficiaries and Alternate Payees) shall be calculated by the Settlement Administrator pursuant to the Plan of Allocation as follows, based on account information maintained and provided by the Plan's current and former recordkeepers through Defense Counsel:

**6.4.1**      For each Authorized Former Participant and Current Participant, the Settlement Administrator shall determine an *Average Settlement Allocation Score.*  A *Settlement Allocation Score* shall be a Participant's aggregate quarter-ending account balance invested in the Plan, measured in Points such that each dollar invested in a Group A and Group B Investment equals three (3.5) Points, and each dollar invested in all other investments equals one (1) Point.[2] A Participant's *Average Settlement Allocation Score* shall be the average of the Participant's *Settlement Allocation Scores* during the Class Period, weighted by the percentage of days in the quarter for partial quarters at the beginning and end of the Class Period, and measuring the account balance in the Plan for the third quarter of 2019 as of September 30, 2019.[3]

---

[2] Mathematically stated, each quarterly *Settlement Allocation Score* calculation is as follows:

(Group A and B Investments quarter ending balance * 3.5) + (other investments quarter ending balance).

[3] Mathematically stated, the *Average Balance* shall be calculated as follows:

(Q2 2010 account balance * (41/91)) + (Q3 2010 account balance) + (Q4 2010 account balance) + (Q1 2011 account balance) + (Q2 2011 account balance) + (Q3 2011 account balance) + (Q4 2011 account balance) + (Q1 2012 account balance) + (Q2 2012 account balance) + (Q3 2012 account balance)  + (Q4 2012 account balance) + (Q1 2013 account balance) + (Q2 2013 account balance) + (Q3 2013 account balance) + (Q4 2013 account balance) + (Q1 2014 account balance) + (Q2 2014 account balance) + (Q3 2014 account balance) + (Q4 2014 account balance) + (Q1 2015 account balance) + (Q2 2015 account balance) + (Q3 2015 account balance) + (Q4 2015 account balance) + (Q1 2016 account balance) + (Q2 2016 account balance) + (Q3 2016 account balance) + (Q4 2016 account balance) + (Q1 2017 account balance) + (Q2 2017 account balance) + (Q3 2017 account balance) + (Q4 2017 account balance) + (Q1 2018 account balance) + (Q2

**6.4.2**    The Settlement Administrator shall determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's pro-rata share of the Net Settlement Amount based on his or her *Average Settlement Allocation Score* compared to the sum of the *Average Settlement Allocation Scores* for all Authorized Former Participants and Current Participants.  If the dollar amount of the settlement payment to an Authorized Former Participant is calculated by the Settlement Administrator to be less than $5.00, then that Authorized Former Participant's payment or pro rata share shall be zero for all purposes.

**6.4.3**    The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Authorized Former Participants under Paragraph 6.6 of the Settlement Agreement; and (b) instructing the Plan's recordkeeper as to the amount of the Qualified Settlement Fund to be allocated to Current Participants under Paragraph 6.5 of the Settlement Agreement and calculating the total amount to deposit in the Plan to fulfill this instruction.

**6.4.4**    The total amount of all tax-qualified rollovers (if permitted by the Settlement Administrator) or checks to be written by the Settlement Administrator for Authorized Former Participants, plus the total amount of all allocations that the Plan's recordkeeper is instructed to make to Current Participants may not exceed the Net Settlement Amount.  Nothing in this Paragraph 6.4.4 is intended to modify the requirements of Paragraph 6.7 below.  In the event that the Settlement Administrator

---

2018 account balance) + (Q3 2018 account balance) + (Q4 2018 account balance) + (Q1 2019 account balance) + (Q2 2019 account balance) + (Q3 2019 account balance)

*Divided by*

37.45 quarters during the Class Period.

determines that the Plan of Allocation total would otherwise exceed the Net Settlement Amount, the Settlement Administrator is authorized to make such pro rata changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

6.4.5    Neither the Defendants, Defense Counsel, Class Counsel, the Class Representatives, nor the Released Parties shall have any responsibility for or liability whatsoever with respect to the Plan of Allocation upon approval by the Court, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

**6.5**    **Payments to Current Participants**.  Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment.

6.5.1    Within five (5) Business Days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide M&T Bank (or its designee) and the Plan's recordkeeper, in a format and via a delivery method mutually agreed upon by the Settlement Administrator and M&T Bank, with an Excel spreadsheet containing the name, the amount of the settlement payment for each of the Current Participants, and any other information reasonably requested by M&T Bank or the Plan's recordkeeper as necessary to effectuate this provision.

6.5.2    Thereafter, upon giving ten (10) Business Days' written notice to M&T Bank (or its designee) and the Plan's recordkeeper, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan of the aggregate amount of all settlement payments payable to Current Participants, as reflected in a spreadsheet

provided by the Settlement Administrator. The Plan's recordkeeper shall then credit the individual Active Account(s) of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

6.5.3    The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions. If the Current Participant does not have an investment election on file, then such Current Participant shall be deemed to have directed such payment to be invested in the Plan's "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

6.5.4    The Plan's recordkeeper shall process all Current Participant transactions within thirty (30) calendar days of receiving direction from the Settlement Administrator for any Current Participant.

6.5.5    The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Current Participants' Active Account(s) in accordance with this Article 6.

6.5.6    If, as of the date when distributions pursuant to this Settlement Agreement are made, a Current Participant no longer has an Active Account, he or she will be treated as an Authorized Former Participant for purposes of the settlement distribution only and will receive his or her payment from the Settlement Administrator in the form of a check as described in Paragraph 6.6. A Current Participant who no longer has an Active Account on the date of his or her Settlement distribution need not complete a Former Participant Claim Form.

**6.6** **Payments to Authorized Former Participants**.  Each Authorized Former Participant will have the opportunity to elect a tax-qualified rollover of his or her settlement payment to an individual retirement account or other eligible employer plan, which he or she has identified on the Former Participant Claim Form, provided that the Authorized Former Participant supplies adequate information to the Settlement Administrator to effect the rollover. Otherwise, the Authorized Former Participant will receive his or her settlement payment directly by check.  The distributions shall be issued as follows:

**6.6.1**    The Settlement Administrator will either effect the rollover from the Qualified Settlement Fund to the individual retirement account or other eligible employer plan elected by the Authorized Former Participant in the Former Participant Claim Form (if the conditions for such rollover are satisfied, for which the Settlement Administrator will have sole responsibility for ensuring) and any associated paperwork necessary to effect these settlement distributions by rollover, or issue a check from the Qualified Settlement Fund to the Authorized Former Participant and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means.

**6.6.2**    For each check issued, other than a rollover, the Settlement Administrator shall (i) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state and local revenue agents; and (iii) issue appropriate tax forms to the Authorized Former Participants.

**6.7** This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms first to the Independent Fiduciary for its review and approval and second to the Court for its approval. Direct mailed notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted by the Settlement Administrator on the Settlement Website within five (5) Business Days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) Business Days of the date that the modification was implemented. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

**6.8** Within ten (10) Business Days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and M&T Bank one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice and/or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice and/or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice and/or Former Participant Claim Form for each such Class Member; (e) the name of each Class Member who submitted a Claim Form on

or before the Claims Deadline; and (f) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount and form of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

6.9     The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, the Released Parties, Defense Counsel, Class Counsel, and the Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement.

6.10     Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, the Class Representatives, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold Defendants, the Released Parties, Defense Counsel, Class Counsel, the Class Representatives, and the Settlement Administrator harmless from the costs (including, for

example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**6.11**     All checks issued pursuant to this Plan of Allocation shall expire one hundred twenty (120) calendar days after their issue date.  All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

**6.12**     No sooner than thirty (30) calendar days following the end of the Settlement Period, any portion of the Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs and taxes, shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan.

**6.13**     The Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and to the Plan for distribution to the Current Participants in accordance with the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

**7.     ARTICLE 7 – PROSPECTIVE RELIEF**

**7.1**     M&T Bank agrees that the following procedures shall apply to the management of the Plan on a prospective basis for a period of no less than three (3) years beginning no later than the Settlement Effective Date:

> **a.**  The Retirement Committee shall retain an independent investment consultant (not related to M&T Bank or any of its affiliates) to provide a written opinion, within six (6) months of the Settlement Effective Date, on the selection, retention, or evaluation of any proprietary mutual fund in the Plan listed in Group A, or the share class of any such proprietary mutual funds (if selected or retained), which the Retirement Committee shall consider in good faith;
>
> **b.**  To the extent any proprietary mutual funds listed in Group A are retained in the Plan, those mutual funds shall rebate to the Plan (or its recordkeeper) the same percentage of investment management fees rebated to other retirement plans (or their recordkeepers) that hold the same share class of such proprietary mutual funds;

    **c.**   The Retirement Committee shall retain an independent investment consultant (not related to M&T Bank or any of its affiliates) to provide a written opinion, within six (6) months of the Settlement Effective Date, regarding whether any of the existing proprietary or non-proprietary mutual funds in the plan should be replaced with alternative investment vehicles (e.g., separate accounts or collective trusts) for the same or equivalent mutual funds, which the Retirement Committee shall consider in good faith. The independent consultant retained for purposes of this subparagraph (c) may be the same as the one retained for purposes of subparagraph (a) above;

    **d.**   Within sixty (60) days of the Settlement Effective Date, Defendants shall issue a Request for Information ("RFI") to multiple potential vendors for recordkeeping services, and shall consider any information received in response in good faith to choose the best recordkeeping services available to the Plan, which consideration shall include the amount of recordkeeping expenses paid by the Plan, whether directly or indirectly through revenue sharing, and quality of services provided to Plan participants; and,

    **e.**   Subject to the foregoing, the Retirement Committee shall retain the responsibilities and authority vested to it by the Plan Document.

## ARTICLE 8 – ATTORNEYS' FEES AND COSTS, ADMINISTRATIVE EXPENSES, AND CLASS REPRESENTATIVE COMPENSATION

**8.1**    Class Counsel may file a motion for an award of Attorneys' Fees and Costs, and Administrative Expenses, at least thirty (30) days before the deadline set in the Preliminary Approval Order for objections to the proposed settlement, which may be supplemented thereafter. At the same time, the Class Representatives may also seek an award of Class Representative Compensation. Any such awards shall be paid from the Gross Settlement Amount. Defendants shall have no independent responsibility or liability for any amounts awarded by the Court.

**8.2**    The appropriate amount of any such awards shall be determined by the Court in its discretion. This Settlement Agreement does not purport to establish a presumptively reasonable amount, and Defendants will take no position with the Court regarding the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, so long as the requested Attorneys' Fees do not exceed one-third of the Gross Settlement Fund

($6,950,000) and the requested Class Representative Compensation does not exceed $10,000 per Class Representative.

9.    **ARTICLE 9 – RELEASE AND COVENANT NOT TO SUE**

   **9.1**    As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), the Class Representatives, and all Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalves and on behalf of the Plan, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and all Released Parties from the Released Claims, regardless of whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

   **9.2**    As of the Settlement Effective Date, the Class Members and the Plan (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement.

**9.3**    The Class Representatives, Class Counsel, the Plan, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims.  Such facts, if known by them, might have affected the decision to settle with M&T Bank, the Plan, and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement.  Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the Settlement Effective Date, be deemed to have, and by operation of the Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims.  The Class Members and the Plan acknowledge and shall be deemed by operation of the Effective Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

**9.4**    Each Class Representative, Class Member, and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Class Representatives, Class Members, and the Plan shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives and Class Members, shall upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any

principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

**10.  ARTICLE 10 – REPRESENTATIONS AND WARRANTIES**

**10.1**  The Settling Parties represent:

**10.1.1**  That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**10.1.2**  That they assume the risk of mistake as to facts or law;

**10.1.3**  That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**10.1.4**  That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**10.1.5**  That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

**11.     ARTICLE 11 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

**11.1**     The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

**11.1.1**  Pursuant to Paragraph 3.1, (1) either the Independent Fiduciary does not approve the release or the Settlement Agreement, or disapproves the release or the Settlement Agreement for any reason whatsoever, or M&T Bank reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (2) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

**11.1.2**  This Settlement Agreement is disapproved by the Court or fails to become Effective for any reason whatsoever;

**11.1.3**  The Preliminary Approval Order and the Final Approval Order are not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

**11.1.4**  The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

**11.1.5**  The Preliminary Approval Order or Final Approval Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not mutually agree to any such material modifications.

**11.2**     If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, then the Action, the Released Claims, the Class Representatives, and the Settling Parties shall revert to their status as though the Settling Parties never entered into the

Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to M&T Bank or its insurers (as applicable) pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

**11.3** It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or the Class Representatives' request for Class Representative Compensation, and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representative Compensation accordingly.

**11.4** In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and M&T Bank or its insurers, on the other hand.

## 12. ARTICLE 12 – SETTLEMENT WEBSITE AND OTHER COMMUNICATIONS RELATED TO THE SETTLEMENT

**12.1** On or before the date that the Settlement Notices are mailed, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the First Amended Consolidated Complaint, Settlement Agreement and Exhibits thereto, Settlement Notices, Former Participant Claim Form, Preliminary Approval Order, any other Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually-agreed upon by the Settling Parties ("Settlement Website Information") in writing. When filed, the

Settlement Administrator will also post or include links to the Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation (and any documents submitted in support). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website at the conclusion of the Settlement Period.

**12.2** On or before the date that the Settlement Notices are mailed, the Settlement Administrator also shall arrange for a toll-free telephone call center facility to be active during the period of time that the Settlement Website is active. The toll-free telephone call facility will employ an interactive voice response system ("IVR system") to answer calls, and will provide callers the option of speaking with a live operator if necessary.

**12.3** The Class Representatives and Class Counsel agree that they will not at any time publicly disparage or encourage or induce others to publicly disparage any of the Defendants or Released Parties in connection with the Settlement.

## 13. ARTICLE 13 – GENERAL PROVISIONS

**13.1** The Settling Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.

**13.2** Within sixty (60) calendar days after the close of the Settlement Period, the Settling Parties shall either return to the producing parties, or destroy, all documents, communications, or things produced in discovery under a claim of confidentiality pursuant to the Confidentiality Order entered in the Action, including but not limited to documents, communications, or things produced under a claim of privilege. Each Settling Party shall, upon

request, serve a written notice to each producing party certifying that the Settling Party has carried out the obligations imposed by this Paragraph 13.2. The Settling Parties, Class Counsel, and Defense Counsel agree that at all times they will honor the requirements of the Confidentiality Order, notwithstanding the settlement of the Action.

**13.3** This Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Defendants or Released Parties of any wrongdoing, fault, or liability whatsoever by any of Defendants or Released Parties, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Action or any other proceeding, and Defendants and Released Parties admit no wrongdoing or liability with respect to any of the allegations or claims in the Action. This Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, shall not constitute admissions of any liability of any kind, whether legal or factual.

**13.4** Neither the Defendants, the Released Parties, the Class Representatives, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund

or tax reporting, or the filing of any returns. Further, neither Defendants, the Released Parties, nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

13.5 Class Counsel, Defense Counsel, the Settling Parties, and Class Members agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

13.5.1 If Class Counsel, Defense Counsel, a Settling Party, or a Class Member has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 9, the Settling Party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other Settling Party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the Settling Party raising the dispute;

13.5.2 Within fifteen (15) Business Days after receiving the notice described in Paragraph 13.5.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

13.5.3 For a period of not more than ten (10) Business Days following mailing of the response described in Paragraph 13.5.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

**13.5.4** If the dispute is not resolved during the period described in Paragraph 13.5.3, the parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute;

**13.5.5** Within thirty (30) calendar days after the conclusion of the Mediator's attempt to resolve the dispute (the date of the conclusion of the mediation shall be determined by agreement of the parties or by the Mediator), if the dispute persists, the parties may address the dispute to the Court;

**13.5.6** In any proceeding under this Paragraph 13.5, each party shall bear its own fees and costs;

**13.6** The Settling Parties agree that the Court has personal jurisdiction over the Class Representatives, Class Members, and Defendants, and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

**13.7** The Settling Parties shall consent to Magistrate Judge jurisdiction for purposes of Preliminary Approval, Final Approval, Class Counsel's Request for Attorneys' Fees, Costs, and Administrative Expenses, the Class Representatives' Request for Class Representative Compensation, and any proceeding under Paragraph 13.5.5.

**13.8** The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be

been made to any Settling Party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**13.13**    The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other Settling Party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**13.14**    Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate this Settlement Agreement.

**13.15**    All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Settling Party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

**13.16**    All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 3 – Former Participant Claim Form; Exhibit 4 – Preliminary Approval Order; Exhibit 5 – Final Approval Order; Exhibit 6 – Form of CAFA Notice.

**13.17**   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**13.18**   Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notices, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier as follows:

IF TO THE CLASS REPRESENTATIVES:

> Kai Richter (krichter@nka.com)
> Paul Lukas (lukas@nka.com)
> NICHOLS KASTER, PLLP
> 4600 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402

IF TO DEFENDANTS:

> Matthew A. Schwartz (schwartzmatthew@sullcrom.com)
> SULLIVAN & CROMWELL LLP
> 125 Broad Street
> New York, NY 10004

* * *

SIGNED BY AND ON BEHALF OF CLASS REPRESENTATIVES SA'UD HABIB, BEVERLY WILLIAMS, J. MARLENE SMITH, KENNETH SLIWINSKI, RUSS DIXON, AND JACQUELINE ALLEN, individually, on behalf of the Plan and as Representatives of the Class Members.

Dated: 12/20/2019      _Sa'ud S. Habib_
                                Sa'ud Habib

Dated:_____      _____
                                  Beverly Williams

Dated:_____      _____
                                  J. Marlene Smith

Dated:_____      _____
                                  Kenneth Sliwinski

Dated:_____      _____
                                  Russ Dixon

Dated:_____      _____
                                  Jacqueline Allen

Dated:_____      _____
                                  Kai Richter
                                  NICHOLS KASTER, PLLP

Dated:_____      _____
                                  Joseph H. Meltzer
                                  KESSLER TOPAZ MELTZER & CHECK, LLP

                                  Attorneys for the Class Representatives and the Class

SIGNED BY AND ON BEHALF OF CLASS REPRESENTATIVES SA'UD HABIB,

BEVERLY WILLIAMS, J. MARLENE SMITH, KENNETH SLIWINSKI, RUSS DIXON,

AND JACQUELINE ALLEN, individually, on behalf of the Plan and as Representatives of the

Class Members.


Dated:_____          _____
                                Sa'ud Habib


Dated: 12/20/2019               _____
                                Beverly Williams


Dated:_____          _____
                                J. Marlene Smith


Dated:_____          _____
                                Kenneth Sliwinski


Dated:_____          _____
                                Russ Dixon


Dated:_____          _____
                                Jacqueline Allen


Dated:_____          _____
                                Kai Richter
                                NICHOLS KASTER, PLLP


Dated:_____          _____
                                Joseph H. Meltzer
                                KESSLER TOPAZ MELTZER & CHECK, LLP

                                *Attorneys for the Class Representatives and the
                                Class*

SIGNED BY AND ON BEHALF OF CLASS REPRESENTATIVES SA'UD HABIB,
BEVERLY WILLIAMS, J. MARLENE SMITH, KENNETH SLIWINSKI, RUSS DIXON,
AND JACQUELINE ALLEN, individually, on behalf of the Plan and as Representatives of the
Class Members.


Dated:_____          _____
                                Sa'ud Habib


Dated:_____          _____
                                Beverly Williams


Dated: 12/23/2019               *J. Marlene Smith*
                                _____
                                J. Marlene Smith


Dated:_____          _____
                                Kenneth Sliwinski


Dated:_____          _____
                                Russ Dixon


Dated:_____          _____
                                Jacqueline Allen


Dated:_____          _____
                                Kai Richter
                                NICHOLS KASTER, PLLP


Dated:_____          _____
                                Joseph H. Meltzer
                                KESSLER TOPAZ MELTZER & CHECK, LLP

                                Attorneys for the Class Representatives and the
                                Class

SIGNED BY AND ON BEHALF OF CLASS REPRESENTATIVES SA'UD HABIB,

BEVERLY WILLIAMS, J. MARLENE SMITH, KENNETH SLIWINSKI, RUSS DIXON,

AND JACQUELINE ALLEN, individually, on behalf of the Plan and as Representatives of the

Class Members.


Dated:_____          _____
                               Sa'ud Habib


Dated:_____          _____
                               Beverly Williams


Dated:_____          _____
                               J. Marlene Smith


Dated: _12/19/19_____          _____
                               Kenneth Sliwinski


Dated:_____          _____
                               Russ Dixon


Dated:_____          _____
                               Jacqueline Allen


Dated:_____          _____
                               Kai Richter
                               NICHOLS KASTER, PLLP


Dated:_____          _____
                               Joseph H. Meltzer
                               KESSLER TOPAZ MELTZER & CHECK, LLP

                               *Attorneys for the Class Representatives and the
                               Class*

SIGNED BY AND ON BEHALF OF CLASS REPRESENTATIVES SA'UD HABIB,

BEVERLY WILLIAMS, J. MARLENE SMITH, KENNETH SLIWINSKI, RUSS DIXON,

AND JACQUELINE ALLEN, individually, on behalf of the Plan and as Representatives of the

Class Members.

Dated:_____          _____
                                Sa'ud Habib

Dated:_____          _____
                                Beverly Williams

Dated:_____          _____
                                J. Marlene Smith

Dated:_____          _____
                                Kenneth Sliwinski

Dated: *12 - 20 - 2019*          _____
                                Russ Dixon

Dated:_____          _____
                                Jacqueline Allen

Dated:_____          _____
                                Kai Richter
                                NICHOLS KASTER, PLLP

Dated:_____          _____
                                Joseph H. Meltzer
                                KESSLER TOPAZ MELTZER & CHECK, LLP

                                *Attorneys for the Class Representatives and the Class*

SIGNED BY AND ON BEHALF OF CLASS REPRESENTATIVES SA'UD HABIB,

BEVERLY WILLIAMS, J. MARLENE SMITH, KENNETH SLIWINSKI, RUSS DIXON,

AND JACQUELINE ALLEN, individually, on behalf of the Plan and as Representatives of the

Class Members.

Dated:_____          _____
                                Sa'ud Habib

Dated:_____          _____
                                Beverly Williams

Dated:_____          _____
                                J. Marlene Smith

Dated:_____          _____
                                Kenneth Sliwinski

Dated:_____          _____
                                Russ Dixon

Dated: 12/19/2019               _____
                                Jacqueline Allen

Dated:_____          _____
                                Kai Richter
                                NICHOLS KASTER, PLLP

Dated: 12/20/19                 _____
                                Joseph H. Meltzer
                                KESSLER TOPAZ MELTZER & CHECK, LLP

                                *Attorneys for the Class Representatives and the
                                Class*

49

SIGNED BY AND ON BEHALF OF CLASS REPRESENTATIVES SA'UD HABIB,
BEVERLY WILLIAMS, J. MARLENE SMITH, KENNETH SLIWINSKI, RUSS DIXON,
AND JACQUELINE ALLEN, individually, on behalf of the Plan and as Representatives of the
Class Members.

Dated:_____      _____
                             Sa'ud Habib


Dated:_____      _____
                             Beverly Williams


Dated:_____      _____
                             J. Marlene Smith


Dated:_____      _____
                             Kenneth Sliwinski


Dated:_____      _____
                             Russ Dixon


Dated:_____      _____
                             Jacqueline Allen


Dated: 12-23-209            _____
                             Kai Richter
                             NICHOLS KASTER, PLLP


Dated:_____      _____
                             Joseph H. Meltzer
                             KESSLER TOPAZ MELTZER & CHECK, LLP

                             *Attorneys for the Class Representatives and the
                             Class*

SIGNED ON BEHALF OF M&T BANK

Dated: December 19, 2019

Ann Marie Odrobina
Group Vice President Director of Employee
Benefits and Wellness
M&T BANK

Dated: December 19, 2019

Matthew A. Schwartz
SULLIVAN & CROMWELL LLP

*Attorney for M&T Bank*

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

*In re M&T Bank Corporation ERISA Litigation*

Civil Action No.: 1:16-cv-375-FPG-JJM

**Consolidated Action**

### NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**This is a notice of a proposed class action settlement in the above-referenced lawsuit.
Your legal rights may be affected if you are a member of the following class:**

All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the M&T Bank Corporation Retirement Savings Plan, at any time during the Class Period from May 11, 2010 through September 30, 2019.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") for the Plan as a result of a class action lawsuit brought by certain current or former participants in the Plan against M&T Bank Corporation and other alleged parties-in-interest and/or fiduciaries of the Plan (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for the allocation of monies to Class Members. Class Members with one or more accounts with a positive balance (an "Active Account") in the Plan as of September 30, 2019 (referred to herein as "Current Participants") will automatically receive allocations directly to their accounts so long as they maintain a positive balance through the time Settlement monies are distributed. Class Members who did not have an Active Account as of September 30, 2019 (referred to herein as "Former Participants") must submit a claim form to be deemed an "Authorized Former Participant" and receive an allocation, and may receive their allocation in the form of a check or a rollover. Current Participants who have an Active Account as of September 30, 2019, but who are determined to no longer have an Active Account as of the date of their settlement payments will be treated as "Authorized Former Participants" and will receive an allocation by check.

- The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement dated <mark>[DATE of SA]</mark>. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The

1

Settlement Agreement is available at [www.settlemementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can also be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Settlement Notice. Please note that neither any M&T Bank Corporation affiliate nor any employees or representatives of an M&T Bank Corporation affiliate may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Jeremiah McCarthy at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202, in Courtroom [XX], to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, must be served in writing on Class Counsel and Defense Counsel, as identified on page 8 of this Settlement Notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A CURRENT PARTICIPANT. YOU WILL NEED TO CONTACT THE SETTLEMENT ADMINISTRATOR IF THIS IS NOT CORRECT.** | Our records indicate that you are a Current Participant. You do not need to do anything to receive your share of the Net Settlement Amount. If, however, you are a "Former Participant" who did not have an Active Account in the Plan as of September 30, 2019, or are the beneficiary or alternate payee of a Former Participant, then you must mail a Former Participant Claim Form postmarked on or before [DATE] to receive a share of the Net Settlement Amount. If you are a Former Participant, and you do not mail the Former Participant Claim Form by the above deadline, you will forfeit your share of the Net Settlement Amount. If you believe you are a Former Participant, a claim form may be obtained by calling the Settlement Administrator at [telephone number] or by accessing [www.settlementwebsite.com]. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, you must file an objection and any supporting documents with the Clerk of the Court and provide copies to Class Counsel and Defense Counsel (as identified on page 8 below) about why you object by [DATE]. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing on [DATE], but you may only speak at the Fairness Hearing if you file and serve a notice of intent to appear by [DATE]. You will not be permitted to make an |

| | objection if you do not comply with the requirements for making objections. |

### The Class Action

The case is called *In re M&T Bank Corporation ERISA Litigation,* Case No. 1:16-cv-375 (W.D.N.Y.) (the "Class Action" or "lawsuit"). It has been pending since May 11, 2016. The Court supervising the case is the United States District Court for the Western District of New York. The individuals who brought this lawsuit are called the Class Representatives and the persons they sued are called Defendants. The Class Representatives, Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, Russ Dixon, and Jacqueline Allen are current or former participants in the Plan. The Defendants are M&T Bank Corporation, Manufacturers and Traders Trust Company, Wilmington Trust Investment Advisors, Wilmington Funds Management Corporation, Wilmington Trust Corporation, M&T Bank Employee Benefit Plans Committee, Edward Amoroso, Brent O. Baird, C. Angela Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Gary N. Geisel, John D. Hawke, Jr., Patrick W.E. Hodgson, Richard G. King, Newton P.S. Merrill, Melinda R. Rich, Robert E. Sadler, Jr., Denis J. Salamone, Herbert L. Washington, Robert J. Bennett, Michael D. Buckley, Colin E. Doherty, Jorge Pereira, Janet Coletti, Brian E. Hickey, Darren J. King, Kevin J. Pearson, Michael R. Spychala, Michele D. Trolli, Stephen J. Braunscheidel, Robert G. Wilmers, Michael P. Pinto, and Mark J. Czarnecki. The Class Representatives' claims are described below, and additional information about them is available at [www.settlementwebsite.com].

### The Settlement

Following mediation with a neutral party, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $20,850,000 will be established to resolve the Class Action. The Net Settlement Amount is $20,850,000 minus any Administrative Expenses (including taxes and tax expenses), Court-approved Attorneys' Fees and Costs, and Class Representative Compensation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

### Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation Sought in the Class Action

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, taking other discovery, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Qualified Settlement Fund ($20,850,000). In addition, Class Counsel will also seek to recover the costs and administrative expenses associated with the settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payment, not to exceed $10,000, for each of the Class Representatives who took on the risk of litigation, participated in the class action suit, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, being deposed, producing documents, and

giving overall support to the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202.

## 1. Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because our records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

## 2. What Is The Class Action About?

In the Class Action, the Class Representatives claim that Defendants failed to prudently and loyally manage the Plan's investment lineup in the best interest of participants and beneficiaries, gave an improper preference to investment options managed by companies affiliated with the Plan's sponsor (M&T Bank), and failed to prudently monitor the Plan's recordkeeper.

The Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries. M&T Bank believes the Plan provides a generous benefit.

## 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and M&T Bank have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, Defendants, and their counsel, who were assisted in their negotiations by a neutral private mediator. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for all Class Members. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever, but has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

## 4. What Does The Settlement Provide?

Under the Settlement, M&T Bank or its insurers will pay $20,850,000 into a Qualified Settlement Fund to resolve the claims of the Class. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Administrative Expenses, or Class Representatives' Compensation) will be allocated to Class Members according to a Plan of Allocation to be approved by the Court (as explained further on pages 5 and 6 below). Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan.

Authorized Former Participants who are entitled to a distribution may receive their distribution as a check or, if available and they elect, as a rollover to a qualified retirement account.

In addition, the Settlement provides that prospectively for a period of no less than three (3) years beginning no later than the Settlement Effective Date: (a) Defendants shall retain an independent investment consultant to provide a written opinion, within six (6) months of the Settlement Effective Date, on the selection, retention, or evaluation of any proprietary mutual funds in the Plan listed in Group A (identified in Question and Answer No. 5 below), or the share class of any such proprietary mutual funds (if selected or retained), which opinion shall be considered in good faith; (b) to the extent any proprietary mutual funds listed in Group A are retained in the Plan, those mutual funds shall rebate to the Plan (or its recordkeeper) the same percentage of investment management fees rebated to other retirement plans (or their recordkeepers) that hold the same share class of such proprietary mutual funds; (c) Defendants shall retain an independent investment consultant to provide a written opinion, within six (6) months of the Settlement Effective Date, regarding whether any of the existing proprietary or non-proprietary mutual funds in the plan should be replaced with alternative investment vehicles (e.g., separate accounts or collective trusts) for the same or equivalent mutual funds, which opinion shall be considered in good faith; and (d) within sixty (60) days of the Settlement Effective Date, Defendants shall issue a Request for Information ("RFI") to multiple potential vendors for recordkeeping services, and shall consider any information received in response in good faith to choose the best recordkeeping services available to the Plan, which consideration shall include the amount of recordkeeping expenses paid by the Plan, whether directly or indirectly through revenue sharing, and quality of services provided to Plan participants.

All Class Members and anyone claiming through them will fully release the Plan as well as Defendants and the Released Parties from Released Claims. The governing releases are found within the Settlement Agreement at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Plan, Defendants, or related parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire Settlement Agreement is available at [www.settlementwebsite.com].

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form by the deadline), or (3) a Beneficiary or Alternate Payee of persons identified in (1) or (2).

The Net Settlement Amount will be divided pro rata among eligible Class Members based on each eligible Class Member's weighted account balance during the Class Period. For purposes of determining each Class Member's weighted balance, account balances in a Group A or Group B Investment will be weighted at a rate of 3.5 times the dollar amount invested, and account balances in all other investments in the Plan will be weighted at a rate of 1 times the dollar amount invested. The Group A and Group B Investments include the following funds:

| Group A Investments | Group B Investments |
|---|---|
| MTB Intermediate Term Bond Fund (renamed Wilmington Intermediate Term Bond Fund), MTB International Equity Fund, MTB Large Cap Growth Fund (renamed Wilmington Large Cap Growth Fund), MTB Large Cap Value Fund (renamed Wilmington Large Cap Value Fund), MTB Mid Cap Growth Fund (renamed Wilmington Mid Cap Growth Fund), MTB Prime Money Market Fund, MTB Small-Cap Growth Fund (renamed Wilmington Small-Cap Growth Fund), MTB U.S. Government Bond Fund, Wilmington MetLife Stable Value Fund, Wilmington Broad Market Bond Fund, Wilmington Multi-Manager International Fund, Wilmington Strategic Allocation Aggressive Fund (f/k/a Wilmington Aggressive Asset Allocation Fund), Wilmington Strategic Allocation Conservative Fund (f/k/a Wilmington Conservative Asset Allocation Fund), Wilmington Multi-Manager Real Asset Fund, Wilmington Small-Cap Strategy Fund, Wilmington Short Duration Government Bond Fund (f/k/a MTB Short Duration Government Bond Fund), and Wilmington Short-Term Bond Fund (f/k/a Wilmington Short-Term Corporate Bond). | Mutual fund versions of the following investments: T. Rowe Price Balanced Fund, T. Rowe Price Equity Income Fund, T. Rowe Price Growth Stock Fund, T. Rowe Price Retirement 2010 Fund, T. Rowe Price Retirement 2020 Fund, T. Rowe Price Retirement 2030 Fund, T. Rowe Price Retirement 2040 Fund, T. Rowe Price Retirement Balanced Fund (f/k/a T. Rowe Price Retirement Income Fund), T. Rowe Price Small-Cap Value Fund, Diamond Hill Large Cap Fund, and Sterling Capital Mid Cap Value Fund. |

Note that if you are an Alternate Payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

The Net Settlement Amount will also depend on the amount of any Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation that are awarded by the Court, as these will be paid out of the gross settlement amount of $20,850,000. Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $10,000 each. The Court will determine the amount of fees, costs, administrative expenses, and Class Representative Compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

### 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.** If this is not correct, you need to contact the Settlement Administrator to obtain a Former Participant Claim Form. The Former Participant Claim Form will explain the next steps necessary to receive your distribution. If you are considered a Current Participant because you had an Active Account as of September 30, 2019, but it is determined that you no longer have an Active Account when the Settlement is distributed to Class Members, the Settlement Administrator will mail you a check for your share of the Net Settlement Amount to your last known address. You may contact the Settlement Administrator to confirm or update your mailing address. The Settlement Administrator may be contacted by phone at [telephone number] or by mail at [Settlement Administrator's Name], [mailing address].

### 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

### 8. Can I Get Out Of The Settlement?

No. The Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may write to counsel about why you object to the Settlement, as discussed below.

### 9. Do I Have A Lawyer In The Case?

The Court has appointed the law firms of Nichols Kaster, PLLP in Minneapolis, Minnesota, Kessler Topaz Meltzer Check LLP in Radnor, Pennsylvania, and Trevett Cristo in, Rochester, New York as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10. How Will The Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Qualified Settlement Fund. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $10,000 each. The Court will determine the amount of fees, costs, administrative expenses, and Class Representatives' Compensation that will be awarded, if any. All papers filed in this action,

including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can object to the Settlement by filing a written objection and any papers submitted in support with the Clerk of the Court, and sending copies to Class Counsel and to Defense Counsel at the addresses below. Your written objection must be filed with the Clerk of the Court no later than [DATE] to be considered.

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Kai Richter<br>Nichols Kaster, PLLP4600 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br><br>Jospeh H. Meltzer<br>Kessler Topaz Meltzer Check LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br><br>Cindy Lapoff<br>Trevett Cristo<br>2 State Street, Suite 100<br>Rochester, NY 14614 | Matthew A. Schwartz<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004 |

## 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at [TIME] on [DATE], at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202, in Courtroom [XX]. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representatives' Compensation. If there are objections, the Court will consider them then.

## 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time, the Court will consider it.

## 14. May I Speak At The Fairness Hearing?

Yes, but you may only speak at the Fairness Hearing if you file and serve a notice of intent to appear by [DATE], and you must comply with the requirements for making an objection (set forth above) if you wish to object.

| 15. What Happens If I Do Nothing At All? |
| --- |

**If you are a "Current Participant" as defined on page 1, and you do nothing, you will receive your *pro rata* share of the Net Settlement Amount, if the Settlement is finally approved**. If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, but you will not receive any money. Former participants must timely submit a claim form to receive monetary compensation.

| 16. How Do I Get More Information? |
| --- |

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [phone number], or write to [Settlement Administrator] at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202.

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re M&T Bank Corporation ERISA Litigation* | Civil Action No.: 1:16-cv-375-FPG-JJM |
| | Consolidated Action |

<u>NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING</u>

**This is a notice of a proposed class action settlement in the above-referenced lawsuit.**
**Your legal rights may be affected if you are a member of the following class:**

All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the M&T Bank Corporation Retirement Savings Plan, at any time during the Class Period from May 11, 2010 through September 30, 2019.

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") for the Plan as a result of a class action lawsuit brought by certain current or former participants in the Plan against M&T Bank Corporation and other alleged parties-in-interest and/or fiduciaries of the Plan (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for the allocation of monies to Class Members. Class Members with one or more accounts with a positive balance (an "Active Account") in the Plan as of September 30, 2019 (referred to herein as "Current Participants") will automatically receive allocations directly to their accounts so long as they maintain a positive balance through the time Settlement monies are distributed. **Class Members who did not have an Active Account as of September 30, 2019 (referred to herein as "Former Participants") must submit a claim form to be deemed an "Authorized Former Participant" and receive an allocation**, and may receive their allocation in the form of a check or a rollover. Current Participants who have an Active Account as of September 30, 2019, but who are determined to no longer have an Active Account as of the date of their settlement payments will be treated as "Authorized Former Participants" and will receive an allocation by check.

- The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement dated <mark>[Date of SA]</mark>. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The

Settlement Agreement is available at [www.settlementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can also be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Settlement Notice. Please note that neither any M&T Bank Corporation affiliate nor any employees or representatives of an M&T Bank Corporation affiliate may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME] before the Honorable Jeremiah McCarthy at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202, in Courtroom [XX], to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, must be served in writing on Class Counsel and Defense Counsel, as identified on page 8 of this Settlement Notice.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE YOU ARE A FORMER PARTICIPANT. YOU MUST MAIL A CLAIM FORM POSTMARKED ON OR BEFORE [DATE] TO RECEIVE ANY MONIES FROM THE SETTLEMENT** | Our records indicate that you are a Former Participant. You must mail a Former Participant Claim Form postmarked on or before [DATE] to receive your share of the Net Settlement Amount. The Former Participant Claim Form is included with this Notice. If you do not mail the Former Participant Claim Form postmarked on or before [DATE], you will forfeit your share of the Net Settlement Amount. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation, you must file an objection and any supporting documents with the Clerk of the Court and provide copies to Class Counsel and Defense Counsel (as identified on page 8 below) about why you object by [DATE]. |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing on [DATE], but you may only speak at the Fairness Hearing if you file and serve a notice of intent to appear by [DATE]. You will not be permitted to make an objection if you do not comply with the requirements for making objections. |

**The Class Action**

The case is called *In re M&T Bank Corporation ERISA Litigation,* Case No. 1:16-cv-375 (W.D.N.Y.) (the "Class Action" or "lawsuit"). It has been pending since May 11, 2016. The Court supervising the case is the United States District Court for the Western District of New York. The individuals who brought this lawsuit are called the Class Representatives and the persons they sued are called Defendants. The Class Representatives, Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, Russ Dixon, and Jacqueline Allen are current or former participants in the Plan. The Defendants are M&T Bank Corporation, Manufacturers and Traders Trust Company, Wilmington Trust Investment Advisors, Wilmington Funds Management Corporation, Wilmington Trust Corporation, M&T Bank Employee Benefit Plans Committee, Edward Amoroso, Brent O. Baird, C. Angela Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Gary N. Geisel, John D. Hawke, Jr., Patrick W.E. Hodgson, Richard G. King, Newton P.S. Merrill, Melinda R. Rich, Robert E. Sadler, Jr., Denis J. Salamone, Herbert L. Washington, Robert J. Bennett, Michael D. Buckley, Colin E. Doherty, Jorge Pereira, Janet Coletti, Brian E. Hickey, Darren J. King, Kevin J. Pearson, Michael R. Spychala, Michele D. Trolli, Stephen J. Braunscheidel, Robert G. Wilmers, Michael P. Pinto, and Mark J. Czarnecki. The Class Representatives' claims are described below, and additional information about them is available at [www.settlementwebsite.com].

**The Settlement**

Following mediation with a neutral party, a Settlement has been reached. As part of the Settlement, a Qualified Settlement Fund of $20,850,000 will be established to resolve the Class Action. The Net Settlement Amount is $20,850,000 minus any Administrative Expenses (including taxes and tax expenses), Court-approved Attorneys' Fees and Costs, and Class Representative Compensation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court.

**Statement of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation Sought in the Class Action**

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from Defendants and third parties, taking other discovery, and negotiating the Settlement. During that time, they also have advanced costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees for their work in the case. The amount of fees that Class Counsel will request will not exceed one-third of the Qualified Settlement Fund ($20,850,000). In addition, Class Counsel will also seek to recover the costs and administrative expenses associated with the settlement. Any Attorneys' Fees and Costs and Administrative Expenses awarded by the Court will be paid from the Qualified Settlement Fund.

Class Counsel also will ask the Court to approve payment, not to exceed $10,000, for each of the Class Representatives who took on the risk of litigation, participated in the class action suit, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel, being deposed, producing documents, and giving overall support to the case. Any Class Representative Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through the Public Access to Court Electronic Records System (PACER) at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202.

## 1. Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because our records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

## 2. What Is The Class Action About?

In the Class Action, the Class Representatives claim that Defendants failed to prudently and loyally manage the Plan's investment lineup in the best interest of participants and beneficiaries, gave an improper preference to investment options managed by companies affiliated with the Plan's sponsor (M&T Bank), and failed to prudently monitor the Plan's recordkeeper.

The Defendants deny all claims and assert that they have always acted prudently and in the best interests of participants and beneficiaries. M&T Bank believes the Plan provides a generous benefit.

## 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and M&T Bank have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representatives, Defendants, and their counsel, who were assisted in their negotiations by a neutral private mediator. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for all Class Members. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever, but has been entered into to avoid the uncertainty, expense, and burden of additional litigation.

## 4. What Does The Settlement Provide?

Under the Settlement, M&T Bank or its insurers will pay $20,850,000 into a Qualified Settlement Fund to resolve the claims of the Class. The Net Settlement Amount (after deduction of any Court-approved Attorneys' Fees and Costs, Administrative Expenses, or Class Representative Compensation) will be allocated to Class Members according to a Plan of Allocation to be approved by the Court (as explained further on pages 5 and 6 below). Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan. Authorized Former Participants who are entitled to a distribution may receive their distribution as a check or, if available and they elect, as a rollover to a qualified retirement account.

In addition, the Settlement provides that prospectively for a period of no less than three (3) years beginning no later than the Settlement Effective Date: (a) Defendants shall retain an independent investment consultant to provide a written opinion, within six (6) months of the Settlement Effective Date, on the selection, retention, or evaluation of any proprietary mutual funds in the Plan listed in Group A (identified in Question and Answer No. 5 below), or the share class of any such proprietary mutual funds (if selected or retained), which opinion shall be considered in good faith; (b) to the extent any proprietary mutual funds listed in Group A are retained in the Plan, those mutual funds shall rebate to the Plan (or its recordkeeper) the same percentage of investment management fees rebated to other retirement plans (or their recordkeepers) that hold the same share class of such proprietary mutual funds; (c) Defendants shall retain an independent investment consultant to provide a written opinion, within six (6) months of the Settlement Effective Date, regarding whether any of the existing proprietary or non-proprietary mutual funds in the plan should be replaced with alternative investment vehicles (e.g., separate accounts or collective trusts) for the same or equivalent mutual funds, which opinion shall be considered in good faith; and (d) within sixty (60) days of the Settlement Effective Date, Defendants shall issue a Request for Information ("RFI") to multiple potential vendors for recordkeeping services, and shall consider any information received in response in good faith to choose the best recordkeeping services available to the Plan, which consideration shall include the amount of recordkeeping expenses paid by the Plan, whether directly or indirectly through revenue sharing, and quality of services provided to Plan participants.

All Class Members and anyone claiming through them will fully release the Plan as well as Defendants and the Released Parties from Released Claims. The governing releases are found within the Settlement Agreement at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue the Plan, Defendants, or related parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire Settlement Agreement is available at [www.settlementwebsite.com].

| 5. How Much Will My Distribution Be? |
| --- |

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1 or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form by the deadline), or (3) a Beneficiary or Alternate Payee of persons identified in (1) or (2).

The Net Settlement Amount will be divided pro rata among eligible Class Members based on each eligible Class Member's weighted account balance during the Class Period. For purposes of determining each Class Member's weighted balance, account balances in a Group A or Group B Investment will be weighted at a rate of 3.5 times the dollar amount invested, and account balances in all other investments in the Plan will be weighted at a rate of 1 times the dollar amount invested. The Group A and Group B Investments include the following funds:

| Group A Investments | Group B Investments |
|---|---|
| MTB Intermediate Term Bond Fund (renamed Wilmington Intermediate Term Bond Fund), MTB International Equity Fund, MTB Large Cap Growth Fund (renamed Wilmington Large Cap Growth Fund), MTB Large Cap Value Fund (renamed Wilmington Large Cap Value Fund), MTB Mid Cap Growth Fund (renamed Wilmington Mid Cap Growth Fund), MTB Prime Money Market Fund, MTB Small-Cap Growth Fund (renamed Wilmington Small-Cap Growth Fund), MTB U.S. Government Bond Fund, Wilmington MetLife Stable Value Fund, Wilmington Broad Market Bond Fund, Wilmington Multi-Manager International Fund, Wilmington Strategic Allocation Aggressive Fund (f/k/a Wilmington Aggressive Asset Allocation Fund), Wilmington Strategic Allocation Conservative Fund (f/k/a Wilmington Conservative Asset Allocation Fund), Wilmington Multi-Manager Real Asset Fund, Wilmington Small-Cap Strategy Fund, Wilmington Short Duration Government Bond Fund (f/k/a MTB Short Duration Government Bond Fund), and Wilmington Short-Term Bond Fund (f/k/a Wilmington Short-Term Corporate Bond). | Mutual fund versions of the following investments: T. Rowe Price Balanced Fund, T. Rowe Price Equity Income Fund, T. Rowe Price Growth Stock Fund, T. Rowe Price Retirement 2010 Fund, T. Rowe Price Retirement 2020 Fund, T. Rowe Price Retirement 2030 Fund, T. Rowe Price Retirement 2040 Fund, T. Rowe Price Retirement Balanced Fund (f/k/a T. Rowe Price Retirement Income Fund), T. Rowe Price Small-Cap Value Fund, Diamond Hill Large Cap Fund, and Sterling Capital Mid Cap Value Fund. |

Note that if you are an Alternate Payee pursuant to a Qualified Domestic Relations Order, your portion of the Settlement will be distributed pursuant to the terms of that order.

The Net Settlement Amount will also depend on the amount of any Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation that are awarded by the Court, as these will be paid out of the gross settlement amount of $20,850,000. Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $10,000 each. The Court will determine the amount of fees, costs, administrative expenses, and Class Representative Compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to our records, you are a Former Participant. Therefore, you must return a valid, timely Former Participant Claim Form to receive your share of the Settlement. The Former Participant Claim Form is included with this Notice.**

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

**There will be no payments under the Settlement if the Settlement Agreement is terminated.**

## 8. Can I Get Out Of The Settlement?

No. The Class has been certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by the Settlement (if it receives final Court approval) and any judgments or orders that are entered in the Class Action. If you wish to object to any part of the Settlement, you may write to counsel about why you object to the Settlement, as discussed below.

## 9. Do I Have A Lawyer In The Case?

The Court has appointed the law firms of Nichols Kaster, PLLP in Minneapolis, Minnesota, Kessler Topaz Meltzer Check LLP in Radnor, Pennsylvania, and Trevett Cristo in, Rochester, New York as Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation at least 30 days prior to the objection deadline. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Qualified Settlement Fund. Class Counsel also will seek to recover all actual and anticipated litigation costs and administrative expenses associated with the Settlement. In addition, Class Counsel will seek compensation for the Class Representatives of no more than $10,000 each. The Court will determine the amount of fees, costs, administrative expenses, and Class Representative Compensation that will be awarded, if any. All papers filed in this action, including Class Counsel's motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation, will be available for review via the Public Access to Court Electronic Records System (PACER), available online at http://www.pacer.gov.

| | |
|---|---|
| **11. How Do I Tell The Court If I Don't Like The Settlement?** | |

If you are a Class Member, you can object to the Settlement by filing a written objection and any papers submitted in support with the Clerk of the Court, and sending copies to Class Counsel and to Defense Counsel at the addresses below. Your written objection must filed with the Clerk of the Court no later than [DATE] to be considered.

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Kai Richter<br>Nichols Kaster, PLLP4600 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br><br>Jospeh H. Meltzer<br>Kessler Topaz Meltzer Check LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br><br>Cindy Lapoff<br>Trevett Cristo<br>2 State Street, Suite 100<br>Rochester, NY 14614 | Matthew A. Schwartz<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004 |

| |
|---|
| **12. When And Where Will The Court Decide Whether To Approve The Settlement?** |

The Court will hold a Fairness Hearing at [TIME] on [DATE] at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202, in Courtroom [XX]. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation. If there are objections, the Court will consider them then.

| |
|---|
| **13. Do I Have To Attend The Fairness Hearing?** |

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time, the Court will consider it.

| |
|---|
| **14. May I Speak At The Fairness Hearing?** |

Yes, but you may only speak at the Fairness Hearing if you file and serve a notice of intent to appear by [DATE], and you must comply with the requirements for making an objection (set forth above) if you wish to object.

| |
|---|
| **15. What Happens If I Do Nothing At All?** |

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, but you will not receive any money. Former participants must timely submit a claim form to receive monetary compensation.

| **16. How Do I Get More Information?** |
| --- |

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call [telephone number], or write to [Settlement Administrator], at [mailing address]. All papers filed in this lawsuit are also available for review via the Public Access to Court Electronic Records System (PACER), at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the Western District of New York, 2 Niagara Square, Buffalo, NY 14202.

## YOUR ROLLOVER OPTIONS

You are receiving this notice because all or a portion of a payment you are receiving as a result of the Settlement may be eligible to be rolled over to an IRA or an employer plan. This notice is intended to help you decide whether to do such a rollover.

This notice describes the rollover rules that apply to payments from the Settlement that are <u>not</u> from a designated Roth account (a type of account with special tax rules in some employer plans).

Rules that apply to most payments are described in the "General Information About Rollovers" section below. Special rules that only apply in certain circumstances are described in the "Special Rules and Options" section below.
_____

## GENERAL INFORMATION ABOUT ROLLOVERS

**How can a rollover affect my taxes?**

You will be taxed on a payment from the Settlement if you do not roll it over. If you are under age 59½ and do not do a rollover, you will also have to pay a 10% additional income tax on early distributions (unless an exception applies). However, if you do a rollover, you will not have to pay tax until you receive payments later and the 10% additional income tax will not apply if those payments are made after you are age 59½ (or if an exception applies).

**Where may I roll over the payment?**

You may roll over the payment to either an IRA (an individual retirement account or individual retirement annuity) or an employer plan (a tax-qualified plan, section 403(b) plan, or governmental section 457(b) plan) that will accept the rollover. The rules of the IRA or employer plan that holds the rollover will determine your investment options, fees, and rights to payment from the IRA or employer plan (for example, no spousal consent rules apply to IRAs and IRAs may not provide loans). Further, the amount rolled over will become subject to the tax rules that apply to the IRA or employer plan.

**How do I do a rollover?**

There are two ways to do a rollover. You can do either a direct rollover or a 60-day rollover.

<u>If you do a direct rollover</u>, the Settlement will make the payment directly to your IRA or an employer plan. You should contact the IRA sponsor or the administrator of the employer plan for information on how to do a direct rollover.

<u>If you do not do a direct rollover</u>, you may still do a rollover by making a deposit into an IRA or eligible employer plan that will accept it. You will have 60 days after you receive the payment to make the deposit. If you do not do a direct rollover, the Settlement is required to withhold 20% of the payment for federal income taxes (up to the amount of cash and property received other than employer stock). This means that, in order to roll over the entire payment in a 60-day rollover, you must use other funds to make up for the 20% withheld. If you do not roll over the entire amount of the payment, the portion not rolled over will be taxed and will be subject to the 10% additional income tax on early distributions if you are under age 59½ (unless an exception applies).

**How much may I roll over?**

If you wish to do a rollover, you may roll over all or part of the amount eligible for rollover. Any payment from the Settlement is eligible for rollover, except:

• Certain payments spread over a period of at least 10 years or over your life or life expectancy (or the lives or joint life expectancy of you and your beneficiary)

• Required minimum distributions after age 70½ (or after death)

• Hardship distributions

• ESOP dividends

• Corrective distributions of contributions that exceed tax law limitations

• Loans treated as deemed distributions (for example, loans in default due to missed payments before your employment ends)

• Cost of life insurance paid by the Plan

• Contributions made under special automatic enrollment rules that are withdrawn pursuant to your request within 90 days of enrollment

• Amounts treated as distributed because of a prohibited allocation of S corporation stock under an ESOP (also, there will generally be adverse tax consequences if you roll over a distribution of S corporation stock to an IRA)

The Settlement Administrator or the payor can tell you what portion of a payment is eligible for rollover.

**If I don't do a rollover, will I have to pay the 10% additional income tax on early distributions?**

If you are under age 59½, you will have to pay the 10% additional income tax on early distributions for any payment from the Settlement (including amounts withheld for income tax) that you do not roll over, unless one of the exceptions listed below applies. This tax is in addition to the regular income tax on the payment not rolled over.

The 10% additional income tax does not apply to the following payments from the Settlement:

• Payments made after you separate from service if you will be at least age 55 in the year of the separation

• Payments that start after you separate from service if paid at least annually in equal or close to equal amounts over your life or life expectancy (or the lives or joint life expectancy of you and your beneficiary)

• Payments from a governmental defined benefit pension plan made after you separate from service if you are a public safety employee and you are at least age 50 in the year of the separation

• Payments made due to disability

• Payments after your death

• Payments of ESOP dividends

• Corrective distributions of contributions that exceed tax law limitations

• Cost of life insurance paid by the Plan

• Contributions made under special automatic enrollment rules that are withdrawn pursuant to your request within 90 days of enrollment

• Payments made directly to the government to satisfy a federal tax levy

• Payments made under a qualified domestic relations order (QDRO)

• Payments up to the amount of your deductible medical expenses

• Certain payments made while you are on active duty if you were a member of a reserve component called to duty after September 11, 2001 for more than 179 days

• Payments of certain automatic enrollment contributions requested to be withdrawn within 90 days of the first contribution.

**If I do a rollover to an IRA, will the 10% additional income tax apply to early distributions from the IRA?**

If you receive a payment from an IRA when you are under age 59½, you will have to pay the 10% additional income tax on early distributions from the IRA, unless an exception applies. In general, the exceptions to the 10% additional income tax for early distributions from an IRA are the same as the exceptions listed above for early distributions from a settlement involving a plan. However, there are a few differences for payments from an IRA, including:

• There is no exception for payments after separation from service that are made after age 55.

• The exception for qualified domestic relations orders (QDROs) does not apply (although a special rule applies under which, as part of a divorce or separation agreement, a tax-free transfer may be made directly to an IRA of a spouse or former spouse).

• The exception for payments made at least annually in equal or close to equal amounts over a specified period applies without regard to whether you have had a separation from service.

• There are additional exceptions for (1) payments for qualified higher education expenses, (2) payments up to $10,000 used in a qualified first-time home purchase, and (3) payments after you have received unemployment compensation for 12 consecutive weeks (or would have been eligible to receive unemployment compensation but for self-employed status).

**Will I owe State income taxes?**

This notice does not describe any State or local income tax rules (including withholding rules).

---

## SPECIAL RULES AND OPTIONS

### If you miss the 60-day rollover deadline

Generally, the 60-day rollover deadline cannot be extended. However, the IRS has the limited authority to waive the deadline under certain extraordinary circumstances, such as when external events prevented you from completing the rollover by the 60-day rollover deadline. To apply for a waiver, you must file a private letter ruling request with the IRS. Private letter ruling requests require the payment of a nonrefundable user fee. For more information, see IRS Publication 590, Individual Retirement Arrangements (IRAs).

### If you were born on or before January 1, 1936

If you were born on or before January 1, 1936 and receive a lump sum distribution that you do not roll over, special rules for calculating the amount of the tax on the payment might apply to you. For more information, see IRS Publication 575, Pension and Annuity Income.

### If you roll over your payment to a Roth IRA

You can roll over a payment made before January 1, 2010 to a Roth IRA only if your modified adjusted gross income is not more than $100,000 for the year the payment is made to you and, if married, you file a joint return. These limitations do not apply to payments made to you after 2009. If you wish to roll over the payment to a Roth IRA, but you are not eligible to do a rollover to a Roth IRA until after 2009, you can do a rollover to a traditional IRA and then, after 2009, elect to convert the traditional IRA into a Roth IRA.

If you roll over the payment to a Roth IRA, a special rule applies under which the amount of the payment rolled over (reduced by any after-tax amounts) will be taxed. However, the 10% additional income tax on early distributions will not apply (unless you take the amount rolled over out of the Roth IRA within 5 years, counting from January 1 of the year of the rollover). For payments during 2010 that are rolled over to a Roth IRA, the taxable amount can be spread over a 2-year period starting in 2011.

If you roll over the payment to a Roth IRA, later payments from the Roth IRA that are qualified distributions will not be taxed (including earnings after the rollover). A qualified distribution from a Roth IRA is a payment made after you are age 59½ (or after your death or disability, or as a qualified first-time homebuyer distribution of up to $10,000) and after you have had a Roth IRA for at least 5 years. In applying this 5-year rule, you count from January 1 of the year for which your first contribution was made to a Roth IRA. Payments from the Roth IRA that are not qualified distributions will be taxed to the extent of earnings after the rollover, including the 10% additional income tax on early distributions (unless an exception applies). You do not have to take required minimum distributions from a Roth IRA during your lifetime. For more information, see IRS Publication 590, Individual Retirement Arrangements (IRAs).

You cannot roll over a payment to a designated Roth account in an employer plan.

**If you are not a plan participant**

<u>Payments after death of the participant</u>. If you receive a distribution after the participant's death that you do not roll over, the distribution will generally be taxed in the same manner described elsewhere in this notice. However, the 10% additional income tax on early distributions does not apply, and the special rule described under the section "If you were born on or before January 1, 1936" applies only if the participant was born on or before January 1, 1936.

> **If you are a surviving spouse**. If you receive a payment from the Settlement as the surviving spouse of a deceased participant, you have the same rollover options that the participant would have had, as described elsewhere in this notice. In addition, if you choose to do a rollover to an IRA, you may treat the IRA as your own or as an inherited IRA.

> An IRA you treat as your own is treated like any other IRA of yours, so that payments made to you before you are age 59½ will be subject to the 10% additional income tax on early distributions (unless an exception applies) and required minimum distributions from your IRA do not have to start until after you are age 70½.

> If you treat the IRA as an inherited IRA, payments from the IRA will not be subject to the 10% additional income tax on early distributions. However, if the participant had started taking required minimum distributions, you will have to receive required minimum distributions from the inherited IRA. If the participant had not started taking required minimum distributions from the Plan, you will not have to start receiving required minimum distributions from the inherited IRA until the year the participant would have been age 70½.

> **If you are a surviving beneficiary other than a spouse**. If you receive a payment from the Settlement because of the participant's death and you are a designated beneficiary other than a surviving spouse, the only rollover option you have is to do a direct rollover to an inherited IRA.

Payments from the inherited IRA will not be subject to the 10% additional income tax on early distributions. You will have to receive required minimum distributions from the inherited IRA.

<u>Payments under a qualified domestic relations order</u>. If you are the spouse or former spouse of the participant who receives a payment from the Settlement under a qualified domestic relations order (QDRO), you generally have the same options the participant would have (for example, you may rollover the payment to your own IRA or an eligible employer plan that will accept it). Payments under the QDRO will not be subject to the 10% additional income tax on early distributions.

**If you are a nonresident alien**

If you are a nonresident alien and you do not do a direct rollover to a U.S. IRA or U.S. employer plan, instead of withholding 20%, the Settlement is generally required to withhold 30% of the payment for federal income taxes. If the amount withheld exceeds the amount of tax you owe (as may happen if you do a 60-day rollover), you may request an income tax refund by filing Form 1040NR and attaching your Form 1042-S. See Form W-8BEN for claiming that you are entitled to a reduced rate of withholding under an income tax treaty. For more information, see also IRS Publication 519, U.S. Tax Guide for Aliens, and IRS Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities.

**If you are based outside of the United States**

If you are based outside of the United States, a Settlement payment may be subject to other taxes for which you are responsible. You should contact an independent adviser if you have any questions about such taxes.

**Other special rules**

If your payments for the year are less than $200 (not including payments from a designated Roth account in the Plan), the Settlement is not required to allow you to do a direct rollover and is not required to withhold for federal income taxes. However, you may do a 60-day rollover.

You may have special rollover rights if you recently served in the U.S. Armed Forces. For more information, see IRS Publication 3, Armed Forces' Tax Guide.

_____

**FOR MORE INFORMATION**

You may wish to consult with the Settlement administrator or payor, or a professional tax advisor, before taking a payment from the Settlement. Also, you can find more detailed information on the federal tax treatment of payments from employer plans in: IRS Publication 575, Pension and Annuity Income; IRS Publication 590, Individual Retirement Arrangements (IRAs); and IRS Publication 571, Tax-Sheltered Annuity Plans (403(b) Plans). These publications are available from a local IRS office, on the web at www.irs.gov, or by calling 1-800-TAX-FORM.

# EXHIBIT 3

## FORMER PARTICIPANT CLAIM FORM

JOHN Q CLASSMEMBER                              Claim Number: 1111111
123 MAIN ST APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who no longer had an Active Account as of September 30, 2019.

This form must be completed, signed, and mailed with a postmark on or before **[DATE]** to the Settlement Administrator in order for you receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment.** Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

*********************************************************************************************************************************

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1. Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including the first page with the address label, for your records.

2. **Mail your completed Former Participant Claim Form postmarked on or before [DATE] to the Settlement Administrator at the following address:**

   **M&T Bank Corporation Retirement Savings Plan Settlement Administrator**
   **P.O. Box [number]**
   **[City, State, ZIP]**

   It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3. Other Reminders:

   - You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

   - If you desire to do a rollover and you do not complete in full the rollover information in Part 4, below, payment will be made to you by check.

   - If you change your address after sending in your Former Participant Claim Form, please provide your new address to the Settlement Administrator.

   - Timing of Payments to Eligible Class Members. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than [ ] days after the Court's final approval order due to the need to process and verify information for all Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4. **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at **[phone number]**. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax, or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, the Settlement administration, and claim processing is available on the settlement website, **[www.settlementwebsite.com]**.

You are eligible to receive a payment from a class action settlement. The court has preliminarily approved the class settlement of *In re M&T Bank Corporation ERISA Litigation* Case No. 1:16-cv-375 (W.D.N.Y.). That settlement provides allocation of monies to the individual accounts of all persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the M&T Bank Corporation Retirement Savings Plan, at any time during the Class Period from May 11, 2010 through September 30, 2019 ("Class Members"). Class Members who are entitled to a distribution but who no longer had Active Accounts as of September 30, 2019 ("Former Participants") will receive their allocations in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form postmarked on or before **[DATE]** to the Settlement Administrator. For more information about the settlement, please see **[www.settlementwebsite.com]** or call **[phone number]**.

Because you are a Former Participant in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check, or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make a payment election, please complete and mail this Former Participant Claim Form postmarked on or before **[DATE]** to the Settlement Administrator. If you do not indicate a payment election, your payment will be sent to you directly by check.

## PART 2: PARTICIPANT INFORMATION

First Name                                          Middle        Last Name

Mailing Address

City                                                                                    State        Zip Code

Home Phone                                          Work Phone or Cell Phone

Participant's Social Security Number                 Participant's Date of Birth

Email Address                                       M M     D D     Y Y Y Y

☐ Check here if you are a Former Participant, but did not receive this Claim Form in the mail.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name                                     Middle        Last Name

Your Social Security Number or Tax ID Number        Your Date of Birth

                                                    M M     D D     Y Y Y Y

Your Mailing Address

City, State, ZIP

S

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA          ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Company or Trustee's Mailing Address 1

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Company or Trustee's Mailing Address 2

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Company or Trustee's City                                        State      Zip Code

Your Account Number                                        Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. person (including a U.S. resident alien).

_____          M M   D D   Y Y Y Y

**Participant Signature**                    **Date Signed** *(Required)*

Note: If you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: WWW.SETTLEMENTWEBSITE.COM OR CALL [PHONE NUMBER]**

# EXHIBIT 4

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

*In re M&T Bank Corporation ERISA Litigation*

Civil Action No.: 1:16-cv-375-FPG

**Consolidated Action**

## [PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, against M&T Bank Corporation, Manufacturers and Traders Trust Company, Wilmington Trust Investment Advisors, Wilmington Funds Management Corporation, Wilmington Trust Corporation, M&T Bank Employee Benefit Plans Committee, and certain individuals (collectively, "Defendants").[1]

Presented to the Court for preliminary approval is a settlement of the litigation against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated [Date of SA] (the "Settlement Agreement"), executed by Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, Russ Dixon, and Jacqueline Allen (the "Class Representatives"), Class Counsel, and Defense Counsel (ECF No. XXX). Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

---

[1] The individual defendants areEdward Amoroso, Brent O. Baird, C. Angela Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Gary N. Geisel, John D. Hawke, Jr., Patrick W.E. Hodgson, Richard G. King, Newton P.S. Merrill, Melinda R. Rich, Robert E. Sadler, Jr., Denis J. Salamone, Herbert L. Washington, Robert J. Bennett, Michael D. Buckley, Colin E. Doherty, Jorge Pereira, Janet Coletti, Brian E. Hickey, Darren J. King, Kevin J. Pearson, Michael R. Spychala, Michele D. Trolli, and Stephen J. Braunscheidel, Robert G. Wilmers, Michael P. Pinto, and Mark J. Czarnecki.

**A.** The proposed settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

**B.** The Settlement was negotiated only after Class Counsel and Defendants had conducted extensive motion practice and discovery, including receiving pertinent information and documents from Defendants and non-parties and taking depositions of Plaintiffs and Defendants;

**C.** Class Counsel and Class Representatives have submitted declarations in support of the Settlement; and

**D.** Considering the relevant Second Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred thirty (130) calendar days after the date the Preliminary Order is filed] _____, 20___, at _____.m., in Courtroom XX of the United States District Court for the Western District of New York, before the undersigned Magistrate Judge, to determine, among other issues:

**A.** Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

**B.** Whether the Court should enter the Final Approval Order, and

**C.** Whether the Court should approve any motion for Attorneys' Fees, Costs, Administrative Expenses, and Class Representatives' Compensation.

3.     **Settlement Administrator:**  The Court approves and orders that [Settlement Administrator] shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

4.     **Class Certification:**  The following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the M&T Bank Corporation Retirement Savings Plan, at any time during the Class Period from May 11, 2010 through September 30, 2019.

The Court appoints Nichols Kaster, PLLP, Kessler Topaz Meltzer Check LLP, and Trevett Cristo as counsel for the Settlement Class. Further, the Court appoints Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, Russ Dixon, and Jacqueline Allen as representatives for the Settlement Class.

5.     **Class Notice**:  The Settling Parties have presented to the Court proposed forms of notice regarding the settlement for mailing to Class Members ("Settlement Notices") and the proposed Former Participant Claim Form to Former Participants.

> A.     The Court approves the text of the Settlement Notices and Former Participant Claim form, and finds that the proposed forms and content therein fairly and adequately:
>
> i.   Summarize the claims asserted;
>
> ii.  Describe the terms and effect of the Settlement;
>
> iii. Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees, Costs, Administrative Expenses, and Class Representatives' Compensation;

iv. Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

v. Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees, Costs, Administrative Expenses, or Class Representatives' Compensation.

**B.** The Settlement Administrator shall send by first class mail the appropriate Settlement Notice to each Class Member and the Former Participant Claim Form to each Former Participant within forty-five (45) calendar days of the date of this Order, as specified in the Settlement Agreement. Former participants must file a Former Participant Claim Form with the Settlement Administrator by [a date no later than ten (10) calendar days before the Fairness Hearing] in order to be considered for a distribution pursuant to the Plan of Allocation.

**C.** On or before the date that notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement, and thereafter post a copy of the Settlement Notices on the Settlement Website.

**D.** Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R.

Civ. P. 23, the Constitution of the United States, and any other applicable law.

6.     **Preliminary Injunction:**  Each Class Member and his or her respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan.

7.     **Objections to Settlement**:  Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel.  To be filed validly, the objection and any supporting documents must be filed at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.  Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above.

8.     **Responses to Objections and Final Approval Motion**:  Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the

Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

**9.** **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel. In such event, notice of the same shall be provided through the Settlement Website.

**10.** **Class Action Fairness Act:** The Court approves the form of CAFA Notices and orders that upon mailing of the CAFA notices, Defendants shall have fulfilled their obligations under Class Action Fairness Act, 29 U.S.C. § 1711, et seq.

**IT IS SO ORDERED.**


Dated: _____          _____

HON. JEREMIAH J. MCCARTHY
United States Magistrate Judge

# EXHIBIT 5

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

*In re M&T Bank Corporation ERISA Litigation*

Civil Action No.: 1:16-cv-375-FPG

**Consolidated Action**

## [PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, against M&T Bank Corporation, Manufacturers and Traders Trust Company, Wilmington Trust Investment Advisors, Wilmington Funds Management Corporation, Wilmington Trust Corporation, M&T Bank Employee Benefit Plans Committee, and certain individuals (collectively, "Defendants").[1]

Presented to the Court for final approval is a settlement of the litigation against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated [Date of SA] (the "Settlement Agreement"), executed by Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, Russ Dixon, and Jacqueline Allen (the "Class Representatives"), Class Counsel, and Defense Counsel (ECF No. XXX). Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the Motion for Final Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

**1.** The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

**2.** For the purpose of settlement only, the Court confirms the certification of the

---

[1] The individual defendants are Edward Amoroso, Brent O. Baird, C. Angela Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Gary N. Geisel, John D. Hawke, Jr., Patrick W.E. Hodgson, Richard G. King, Newton P.S. Merrill, Melinda R. Rich, Robert E. Sadler, Jr., Denis J. Salamone, Herbert L. Washington, Robert J. Bennett, Michael D. Buckley, Colin E. Doherty, Jorge Pereira, Janet Coletti, Brian E. Hickey, Darren J. King, Kevin J. Pearson, Michael R. Spychala, Michele D. Trolli, and Stephen J. Braunscheidel, Robert G. Wilmers, Michael P. Pinto, and Mark J. Czarnecki.

following Settlement Class under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of the Settlement:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the M&T Bank Corporation Retirement Savings Plan, at any time during the Class Period from May 11, 2010 through September 30, 2019.

**3.**　　Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

**4.**　　The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

**5.**　　In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, ([Settlement Administrator]), Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, XX% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

**6.**　　The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto, consistent with Rule 23 and due process.

**7.** The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B. The Settlement was negotiated only after Class Counsel had conducted extensive motion practice and discovery, including the taking of depositions of Plaintiffs and several Defendants and receiving pertinent information and documents from Defendants and non-parties;

C. The Settling Parties were well positioned to evaluate the value of the Class Action;

D. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

E. The amount of the Settlement ($20,850,000) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and prior settlements that have been approved in other similar cases;

F. The Class Representatives represent that they actively and independently participated in the Class Action;

G. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

H. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court;

I.     There were ☐ objections to the settlement. The Court has considered such objections, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate.  Accordingly, the Court overrules the objections to the Settlement with prejudice; and

J.     The Settlement was reviewed by an independent fiduciary, [_____], who has approved the Settlement.

**8.**     The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

**9.**     The First Amended Consolidated Complaint and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement.

**10.**     The Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the

Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

11.     The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of themselves and the Plan shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

12.     Each Class Member shall release Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

13.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement.

**14.** The Court finds that all applicable CAFA requirements have been satisfied.

**15.** The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court.

**16.** With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

**17.** Within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**18.** Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.


**IT IS SO ORDERED.**


Dated: _____                    _____
                                      HON. JEREMIAH J. MCCARTHY
                                      United States Magistrate Judge

# EXHIBIT 6

December <mark>[X]</mark>, 2019

Via Certified Mail

TO:  ALL ADDRESSEES IDENTIFIED IN THE ATTACHED ADDENDUM

Re:     Notice of the Proposed Class Action Settlement Pursuant to the
        Class Action Fairness Act (28 U.S.C. § 1715) in
        *In re M&T Bank Corp. ERISA Litig.*, No. 1:16-cv-375 (FPG/JJM)

Dear Sir or Madam:

Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), M&T Bank Corporation ("M&T"), Manufacturers and Traders Trust Company ("M&T Bank"), Wilmington Trust Investment Advisors, Wilmington Funds Management Corporation, Wilmington Trust Corporation, M&T Bank Employee Benefit Plans Committee, Edward Amoroso, Brent O. Baird, C. Angela Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Gary N. Geisel, John D. Hawke, Jr., Patrick W.E. Hodgson, Richard G. King, Newton P.S. Merrill, Melinda R. Rich, Robert E. Sadler, Jr., Denis J. Salamone, Herbert L. Washington, Robert J. Bennett, Michael D. Buckley, Colin E. Doherty, Jorge Pereira, Janet Coletti, Brian E. Hickey, Darren J. King, Kevin J. Pearson, Michael R. Spychala, Michele D. Trolli, and Stephen J. Braunscheidel, Robert G. Wilmers, Michael P. Pinto, and Mark J. Czarnecki (collectively, "Defendants") hereby provide this notice to advise you of a proposed settlement ("Proposed Settlement") in the above-referenced putative class action ("Action"), pending in the United States District Court for the Western District of New York ("Court").

The Action is a putative class action brought pursuant to §§ 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1009 and 1132.  The Action is brought by Lead Plaintiffs Jacqueline Allen, Russ Dixon, Sa'ud Habib, Kenneth Sliwinski, J. Marlene Smith, and Beverly Williams (collectively, "Plaintiffs") individually and on behalf of all putative class members.  Plaintiffs allege that Defendants breached their fiduciary duties to the M&T Bank Corporation Retirement Savings Plan ("Plan") and its participants in regards to the selection and monitoring of the Plan's investments, and engaged in prohibited transactions and other improper conduct with respect to the Plan in violation of ERISA.  Defendants have denied, and continue to deny, Plaintiffs' allegations of wrongdoing and liability and maintain that they have good and meritorious defenses to Plaintiffs' allegations and claims of damages.

After extensive negotiations undertaken in good faith, the parties mediated the dispute with the assistance of the Honorable Layn Phillips, a retired United States district court judge, and ultimately agreed to a resolution of the Action as set forth in the Class Action Settlement Agreement, dated December [X], 2019 ("Settlement Agreement").  Under the terms of the Settlement Agreement, Defendants have agreed to a payment by M&T Bank's insurers which represents the full and sole monetary payment to the Settlement Class, Class Representatives, and Class Counsel[1] made on behalf of Defendants or M&T Bank's insurers in connection with the settlement effectuated through the Settlement Agreement.  Additionally, M&T Bank agreed to adhere to procedures for the management of the Plan on a prospective basis.  On December [X], 2019, Plaintiffs filed a motion for preliminary approval of the Settlement.  The Settlement Agreement sets forth the following Settlement Class:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the M&T Bank Corporation Retirement Savings Plan, at any time during the Class Period from May 11, 2010 through September 30, 2019.

Pursuant to the CAFA notice provisions, 28 U.S.C. § 1715, Defendants provide the following information.  Relevant documents, where available, are included on the enclosed CD-ROM:

1. Enclosed are copies of (a) the Class Action Complaint, filed in the Action on May 11, 2016, (b) the First Amended Class Action Complaint, filed in the Action on August 17, 2016, (c) the Complaint, filed on September 1, 2016 in the action *Allen* v. *M&T Bank Corporation et al.,* 1:16-cv-00704, (d) the Consolidated Complaint, filed in the Action on August 25, 2017, and (e) the First Amended Consolidated Complaint filed in the Action on August 15, 2019, as well as documents filed contemporaneously therewith.  *See* 28 U.S.C. § 1715(b)(1).  These documents are provided in a folder labeled "Exhibit 1" on the enclosed CD-ROM.[2]

2. Hearings have not yet been scheduled to determine whether the Proposed Settlement should be preliminarily or finally approved.  *See* 28 U.S.C. § 1715(b)(2).

3. Enclosed are copies of the (a) Notice of Class Action Settlement and Fairness Hearing to Current Participants, (b) Notice of Class Action Settlement and Fairness Hearing to Former Participants, and (c) Former Participant Claim Form.  The proposed notices were submitted to the Court as Exhibits 1–3 to the Settlement

---

[1] Unless otherwise defined, capitalized terms have the same definitions as in the Settlement Agreement.

[2] Copies of all publicly available filings in the Action are available through the Court's PACER system,  https://ecf.nywd.uscourts.gov

Agreement.  *See* 28 U.S.C. § 1715(b)(3).  These documents are provided in a folder labeled "Exhibit 2" on the enclosed CD-ROM.

4.  Enclosed are copies of the Proposed Settlement, including exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and supporting memorandum of law.  *See* 28 U.S.C. § 1715(b)(4).  These documents are provided in a folder labeled "Exhibit 3" on the enclosed CD-ROM.

5.  At this time, no final judgment or notice of dismissal has been entered in the Action. *See* 28 U.S.C. § 1715(b)(6).  Enclosed is the Preliminary Approval Order and Final Approval Order that have been submitted to the Court as Exhibits 4–5 to the Stipulation, and which Defendants and Plaintiffs will ask the Court to enter at the Final Approval Hearing.  These documents are provided in a folder labeled "Exhibit 4" on the enclosed CD-ROM.

6.  Defendants do not have access to information sufficient to identify the names of all members of the Settlement Class who reside in each state or the estimated proportionate share of their claims to the entire Settlement.  It is also not feasible for Defendants to provide an estimate of the number of members of the Settlement Class residing in each state or the estimated proportionate share of each member's claims to the entire Settlement.  *See* 28 U.S.C. § 1715(b)(7).

7.  No written judicial opinions have yet been issued with respect to the materials described in paragraphs 3 through 5.  *See* 28 U.S.C. § 1715(b)(8).

The foregoing information is provided based on the status of the settlement proceedings at this time and on the information currently available to Defendants.  Defendants reserve the right to supplement this notice and to provide additional information in support of the Proposed Settlement.

If you have any questions about this notice, the Settlement or the enclosed materials, please contact me at (212) 558-4197.

Sincerely,

Matthew A. Schwartz
*Counsel for Defendants*

(Enclosure)

cc:    Kai Richter (Nichols Kaster, PLLP)

Paul Lukas  (Nichols Kaster, PLLP)
(via e-mail w/o enclosure)
*Lead Counsel for Plaintiffs and the Settlement Class*