UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re M&T Bank Corporation ERISA Litigation* | Civil Action No.: 1:16-cv-375-FPG <br><br> Consolidated Action |

### ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, against M&T Bank Corporation, Manufacturers and Traders Trust Company, Wilmington Trust Investment Advisors, Wilmington Funds Management Corporation, Wilmington Trust Corporation, M&T Bank Employee Benefit Plans Committee, and certain individuals (collectively, "defendants").[1]

---

[1] The individual defendants are Edward Amoroso, Brent O. Baird, C. Angela Bontempo, Robert T. Brady, T. Jefferson Cunningham III, Gary N. Geisel, John D. Hawke, Jr., Patrick W.E. Hodgson, Richard G. King, Newton P.S. Merrill, Melinda R. Rich, Robert E. Sadler, Jr., Denis J. Salamone, Herbert L. Washington, Robert J. Bennett, Michael D. Buckley, Colin E. Doherty, Jorge Pereira, Janet Coletti, Brian E. Hickey, Darren J. King, Kevin J. Pearson, Michael R. Spychala, Michele D. Trolli, and Stephen J. Braunscheidel, Robert G. Wilmers, Michael P. Pinto, and Mark J. Czarnecki.

1

Pursuant to 28 U.S.C. §636(c), the parties have consented to my jurisdiction [156, 166].[2] Before the court is plaintiffs' uncontested motion for preliminary approval of the settlement of this action, conditional certification of the proposed settlement class, and other relief [157]. The terms of the proposed settlement are set out in a Class Action Settlement Agreement dated December 23, 2019 [159-1] (the "Settlement Agreement"), executed by class representatives Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, Russ Dixon, and Jacqueline Allen, as well as by class counsel, and defense counsel.  Except as otherwise defined herein, all terms used herein shall have the meanings ascribed to them in the Settlement Agreement.

"Preliminary approval is not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." Chambery v. Tuxedo Junction Inc., 10 F. Supp. 3d 415, 419 (W.D.N.Y. 2014). "A proposed settlement of a class action should be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval", and the "assistance of an experienced mediator in reaching the proposed settlement reinforces its non-collusive nature". Id.

"In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation." Puglisi v. TD Bank, N.A., 2015 WL 574280, *1 (E.D.N.Y. 2015). "The determination whether a settlement is reasonable does not involve the use of a 'mathematical equation yielding a particularized sum.'"

---

[2] Bracketed references are to CM/ECF docket entries.

Frank v. Eastman Kodak Co., 228 F.R.D. 174, 186 (W.D.N.Y. 2005). "'Instead, there is a range of reasonableness with respect to a settlement - a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" Id.

Having reviewed the motion for preliminary approval in light of these considerations, it is hereby ORDERED as follows:

1. **Preliminary Findings Regarding Proposed Settlement:** The court preliminarily finds that:

>   **A.** The proposed settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;
>
>   **B.** The settlement was negotiated only after counsel for the parties had conducted extensive motion practice and discovery, including receiving pertinent information and documents from defendants and non-parties and taking depositions of several plaintiffs and defendants;
>
>   **C.** Class counsel and the class representatives have submitted declarations in support of the settlement; and
>
>   **D.** Considering the relevant Second Circuit factors, the proposed settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed settlement to the proposed settlement class defined herein.

2. **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held before me on September 3, 2020 at 2:00 p.m. in the Genesee Courtroom (6th floor West) of the Robert H. Jackson U. S. Courthouse, 2 Niagara Square, Buffalo, New York 14202 to determine:

      A.      Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

      B.      Whether the court should enter the Final Approval Order referenced in §2.27 of the Settlement Agreement, and

      C.      Whether the court should approve any motion for attorneys' fees, costs, administrative expenses, and class representatives' compensation.

**3.** **Settlement Administrator:** The Court approves and orders that Analytics Consulting LLC shall be the settlement administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

**4.** **Class Certification:** The following settlement class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. ("Rule") 23(b)(1):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the M&T Bank Corporation Retirement Savings Plan at any time during the Class Period from May 11, 2010 through September 30, 2019.

The court appoints Nichols Kaster, PLLP, Kessler Topaz Meltzer Check LLP, and Trevett Cristo as counsel for the settlement class, and Sa'ud Habib, Beverly Williams, J. Marlene Smith, Kenneth Sliwinski, Russ Dixon, and Jacqueline Allen as representatives for the settlement class.

**5.** **Class Notice**: The settling parties have presented to the court proposed forms of notice regarding the settlement for mailing to class members ("settlement notices") and the proposed former participant claim form to former participants.

      A.      The court approves the text of the settlement notices and former participant claim forms, and finds that the proposed forms and content therein fairly and adequately:

            i.   Summarize the claims asserted;

4

    ii. Describe the terms and effect of the proposed settlement;

    iii. Notify the settlement class that class counsel will seek compensation from the qualified settlement fund for attorneys' fees, costs, administrative expenses, and class representatives' compensation;

    iv. Give notice to the settlement class of the time and place of the fairness hearing and class members' right to appear at the hearing; and

    v. Describe how the recipients of the class notice may object to the settlement, or any requested attorneys' fees, costs, administrative expenses, or class representatives' compensation.

**B.** The settlement administrator shall send by first class mail the appropriate settlement notice to each class member and the former participant claim form to each former participant within 45 calendar days of the date of this Order, as specified in the Settlement Agreement. Former participants must file a former participant claim form with the settlement administrator by August 24, 2020 in order to be considered for a distribution pursuant to the plan of allocation.

**C.** On or before the date that notice is sent to the settlement class, the settlement administrator shall establish a settlement website and telephone support line as provided by the Settlement Agreement, and thereafter post a copy of the settlement notices on the settlement website.

**D.** Pursuant to Rule 23(c)(2) and (e), the contents of the settlement notices and mailing the settlement notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the fairness

hearing and of the rights of all class members, and complies fully with the requirements of Rule 23, the Constitution of the United States, and any other applicable law.

6. **Preliminary Injunction:** Pending final determination of whether the Settlement Agreement should be approved, each class member and his or her respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing defendants, the plan, or the released parties in any action or proceeding alleging any of the released claims, even if any class member may thereafter discover facts in addition to or different from those which the class members or class counsel now know or believe to be true with respect to this action and the released claims. Furthermore, pending final determination of whether the Settlement Agreement should be approved, no class member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the released claims against the defendants, the released parties, or the plan.

7. **Objections to Settlement**: Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the court at the fairness hearing if they have been filed validly with the clerk of this court and copies provided to class counsel and defense counsel.  To be filed validly, the objection and any supporting documents must be filed no later than July 24, 2020. Any person wishing to speak at the fairness hearing shall file and serve a notice of intent to appear by that date as well.

8. **Responses to Objections and Final Approval Motion**: On or before August 20, 2020 any party may file a response to an objection by a class member, and plaintiffs shall file their final approval motion.

9. **Continuance of Hearing:** The court may adjourn, modify, or continue the fairness hearing without further direct notice to the class members, other than by notice to class counsel. In such event, notice of the same shall be provided through the settlement website.

10. **Class Action Fairness Act ("CAFA"):** The court approves the form of CAFA notices, and orders that upon mailing of the CAFA notices, defendants shall have fulfilled their obligations under Class Action Fairness Act, 29 U.S.C. § 1711, *et seq*.

**SO ORDERED.**


Dated:  April 14, 2020.                                    **/s/ Jeremiah J. McCarthy**
                                                           HON. JEREMIAH J. MCCARTHY
                                                           United States Magistrate Judge